KEYES et al. v. UNITED STATES FIDELITY & GUARANTY CO. (WILLIAMS et al., Third-Party Defendants).

No. 125–M.

District Court, S. D. Florida, Miami Division.

April 15, 1942.

M. Lewis Hall, of Miami, Fla., for plaintiff.

J. M. Flowers, of Miami, Fla., for third-party defendants.

William L. Reed, of Miami, Fla., for defendant and third-party plaintiff.

HOLLAND, District Judge.

Mandate affirming the judgment of the District Court in this cause issued out of the Court of Appeals, 5 Cir., 125 F.2d 208, on March 25, 1942, and was filed in this Court on March 27, 1942.

The case is now before me on two motions. (1) Motion for stay order filed by attorneys for defendant and third-party plaintiff, and (2) motion of plaintiffs for an order on the State Treasurer to retain and dispose of deposited securities sufficient to pay plaintiffs' judgment.

With counsel for all parties present, the two motions were heard before me on this date.

By reason of 28 U.S.C.A. § 350 stay of enforcement of a judgment pending application for a writ of certiorari properly may be made in this Court. Prior to the Act of February 13, 1925, 43 Stat. 940, the stay should be applied for in the Circuit Court of Appeals, as was decided in Magnum Import Company v. Coty, 262 U.S. 159, 43 S.Ct. 531, 67 L.Ed. 922, decided in 1923. It is to be noted in that case, involving a trademark, the temporary injunction granted by the District Court was enlarged in the Circuit Court of Appeals, which would render it all the more reasonable that the Circuit Court of Appeals was the appropriate forum in which to seek a stay pending application for certiorari. The law was stated thus by the Supreme Court, but the legislation in 1925 changed the procedure. The conditions of the bond are provided by said Section 350, and the amount of the bond should be determined according to Rule 38 and Rule 36, as amended, of the Supreme Court, 28 U.S.C.A. following section 354.

The stay would be granted by this Court as above indicated, but for the unusual condition present in this case, which impels me to hold that the Circuit Court of Appeals is the forum in which to apply for the stay. The appeal from the judgment herein was taken by third-party defendants. Supersedeas was sought by the third-party defendants in the Circuit Court of Appeals, and was ordered by the Circuit Court of Appeals. Under these circumstances, the motion to stay proceedings pending application for certiorari should be sought in the Circuit Court of Appeals or by a Justice of the Supreme Court.

It is ordered that the motion to stay is denied.

It is further ordered that the motion of plaintiffs for process directed to the State Treasurer will issue on April 22, 1942, unless in the interim further stay of proceedings is secured in the Circuit Court of Appeals.