## PIASCIK v. BRITISH MINISTRY OF WAR TRANSPORT.

District Court, S. D. New York.

Dec. 23, 1943.

Jacob Rassner, of New York City, for plaintiff.

Reid, Cunningham & Freehill, of New York City, for defendant.

CAFFEY, District Judge.

The defendant, appearing specially, asks this court to dismiss the action and to vacate and quash the return of service of the summons and complaint.

The ground on which the motion rests is that the defendant is a constituted department of the Government of the United Kingdom of Great Britain and Northern Ireland, a friendly foreign sovereign (hereinafter called the United Kingdom). The procedure by which the claim was brought before this court is, in substance, that followed in Ex parte Republic of Peru, 318 U.S. 578, 581, 582, 63 S.Ct. 793, 87 L.Ed. 1014.

The Ambassador to this country representing the United Kingdom presented to the Secretary of State of the United States a note in which he said that at all the times mentioned in the complaint the defendant was and now is a duly constituted department of the Government of the United Kingdom and requested that the Secretary of State accept as true the statements of fact contained in the note and cause to be communicated to this court, through the Attorney General of the United States, a statement that the Secretary of State recognizes and allows the claim of immunity of the defendant from suits in the courts of the United States and desires that the process in this action against the defendant be vacated and quashed.

The Secretary of State conveyed to the Attorney General a certified copy of the note sent to him by the Ambassador and requested that the Attorney General forward the certified copy of the note to the Attorney General's representative and instruct him to present such certified copy to the court and state to the court that the Department of State recognizes the defendant as a duly constituted department of the British Government and, therefore, entitled to immunity from judicial process in the courts of the United States.

A Special Assistant to the Attorney General, acting in conformity with the instructions of the Attorney General, accordingly presented to this court a certified copy of the note addressed to the Secretary by the Ambassador. At the same time the Attorney General's representative prayed the court to grant the relief hereinbefore described.

It is sufficient to cite one decision of the Supreme Court of the United States (Ex parte Republic of Peru, supra), which has directly dealt with the single question presented by the motion. In essence the Supreme Court has ruled that, under the circumstances that exist in the case at bar, this court is obligated to accept the decision of the executive branch of the Government with respect to the status of the British Ambassador and the status of the defendant. Inasmuch as the Secretary of State has officially advised this court that the defendant cannot be subjected to the jurisdiction of a court of the United States, this court is in duty bound to grant the motion.

In support of the conclusion stated it will be sufficient to set out three extracts from the opinion in the Peru case:

488

(1) At page 588 of 318 U.S., at page 799 of 63 S.Ct., 87 L.Ed. 1014, it was said that the governing principle is that "courts may not so exercise their jurisdiction, by the seizure and detention of the property of a friendly sovereign, as to embarrass the executive arm of the government in conducting foreign relations." This is followed by a quotation from United States v. Lee, 106 U.S. 196, 209, 1 S.Ct. 240, 251, 27 L.Ed. 171, where it was said that in cases of that kind "the judicial department of this government follows the action of the political branch, and will not embarrass the latter by assuming an antagonistic jurisdiction."

(2) At pages 588, 589 of 318 U.S., at page 799 of 63 S.Ct., 87 L.Ed. 1014, of the Peru case it is further said that a friendly foreign sovereign may "present its claim to the Department of State, the political arm of the Government charged with the conduct of our foreign affairs. Upon recognition and allowance of the claim by the State Department and certification of its action presented to the court by the Attorney General, it is the court's duty to surrender the vessel and remit the libelant to the relief obtainable through diplomatic negotiations. * * * This practice is founded upon the policy, recognized both by the Department of State and the courts, that our national interest will be better served in such cases if the wrongs to suitors, involving our relations with a friendly foreign power, are righted through diplomatic negotiations rather than by the compulsions of judicial proceedings."

(3) Lastly, 318 U.S. at page 589, 63 S.Ct. at page 800, 87 L.Ed. 1014, the opinion continues as follows: "The Department has allowed the claim of immunity and caused its action to be certified to the district court through the appropriate channels. The certification and the request that the vessel be declared immune must be accepted by the courts as a conclusive determination by the political arm of the Government that the continued retention of the vessel interferes with the proper conduct of our foreign relations. Upon the submission of this certification to the district court, it became the court's duty, in conformity to established principles, to release the vessel and to proceed no further in the cause."

The suit here is in personam. The suit in the Peru case was in rem. From the extracts quoted from the Peru opinion, however, it is obvious that the same principles control in both classes of cases.

What has been quoted from the Peru case is but a reaffirmation of principles summarized in Compania Espanola v. The Navemar, 303 U.S. 68, at page 74, 58 S.Ct. 432, 82 L.Ed. 667. I have no choice but to obey the law as there laid down.

The Ambassador's application and the motion are granted. Settle order on two days' notice.