**PIASCIK v. TRADER NAVIGATION CO., Limited.**

District Court, S. D. New York.
Oct. 9, 1946.

Jacob Rassner, of New York City, for plaintiff.

Reid, Cunningham & Freehill, of New York City, for defendant.

RIFKIND, District Judge.

Defendant moves for an order setting aside the service of the summons and complaint on the ground, first, that the defendant is a foreign corporation which is not engaged in doing business in this district and, secondly, on the ground that the summons and complaint were not delivered to a person authorized by the Rules to receive it.

Since the motion must be granted upon the second ground, it is unnecessary to pass upon the first.

Assuming, arguendo, that the defendant was doing business in the district and that the British Ministry of War Transport was its agent, proper service has not been effected. T. Ashley Sparks, one of the two persons to whom the summons was delivered, according to his affidavit, which is not contradicted, was no longer connected with the British Ministry at the time of the attempted service. Specifically, it appears from his affidavit that he had resigned his post as representative in the United States for the British Ministry of War Transport on October 22, 1945 and that his resignation was promptly accepted. The summons and complaint were left with him on the 16th of May, 1946. Windnauer, the second person with whom the summons and complaint were left, appears to have been manager of the Marine Claims Division of the British Ministry of War Transport. He was not authorized by his employers, nor by the defendant, to receive service of process. There is nothing in plaintiff's affidavit to suggest that he is one of the class of persons authorized by Rule 4 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to receive service in behalf of a foreign corporation.

Motion granted.