**PIASCIK v. BRITISH MINISTRY OF WAR TRANSPORT et al.**

Civ. 21–376.

United States District Court
S. D. New York.
March 4, 1949.

See also D.C., 65 F.Supp. 430; D.C., 7 F.R.D. 118.

Jacob Rassner, of New York City, for plaintiff.

Reid, Cunningham & Freehill, of New York City, for defendants.

GODDARD, District Judge.

This is a motion by plaintiff to vacate an order of the District Court dismissing the action for lack of prosecution.

This action is one for $100,000 damages for the alleged wrongful death of the deceased while working as a longshoreman aboard the vessel S. S. Scottish Trader.

The accident happend approximately seven and one-half years ago. The complaint was filed on December 24, 1943 by the present attorney for the plaintiff. At the time of filing the complaint service was attempted to be made upon Trader Navigation Company, Ltd. by leaving process at the offices of Simpson, Spence & Young, ship

brokers, and who also were named defendants herein. The Trader Navigation Company, Ltd. immediately appeared specially and made a motion to quash the attempted service. After hearing argument on the motion the court referred the matter to a Special Master to take testimony. The Special Master, after holding hearings intermittently through the year 1945, rendered his decision on January 25, 1946 recommending the setting aside the attempted service. On February 8, 1946 the master's report was confirmed with written opinion. On May 6, 1946 the plaintiff's counsel filed a notice of appeal.

■ The situation remained in status quo until December 11, 1947 when the District Court, after noticing the case, pursuant to General Rule 30 of this court, entered an order dismissing the case for lack of prosecution. Notice of such dismissal was duly mailed to counsel for the respective parties and it is presumed that such notice was received by them in due course.

Nothing was done thereafter by counsel until November 23, 1948 when plaintiff's counsel filed a motion with the Court of Appeals, returnable November 29, 1948. Defendants' counsel states that on the return date he was unable to be present and in his absence the Court of Appeals, after hearing plaintiff's counsel, entered an order extending plaintiff's time to serve and file its record on appeal to and including the 29th day of December, 1948, and was further extended, upon consent, to and including January 31, 1949.

In his moving affidavit counsel for plaintiff states that in attempting to file the papers on appeal he learned that the order of dismissal had been entered by the District Court on December 11, 1947.

On January 21, 1949 plaintiff made this motion to vacate the order dismissing the case.

■ When the notice of appeal was filed May 6, 1946, which was prior to the order of dismissal, the plaintiff's appeal was perfected. Moore's Federal Practice, Vol. 3, Section 73.03, p. 3394, Supp. Section 73.03, p. 357. The fact that the record on appeal has not been filed does not destroy the appeal and the Court of Appeals of the

Circuit may issue an order nunc pro tunc to file the record. Ispass v. Pyramid Motor Freight Corp., 2 Cir., 152 F.2d 619, modified 330 U.S. 695, 67 S.Ct. 954, 91 L.Ed. 1184, Moore's Federal Practice, Vol. 3, Section 73.03 Supp. p. 358.

■ After a notice of appeal is filed, the District Court has no authority to proceed further with the case. Fiske v. Wallace, 8 Cir., 115 F.2d 1003; Miller v. United States, 7 Cir., 114 F.2d 267; Moore's Federal Practice, Vol. 3, Section 73.03 Supp. p. 357; see also Moore's Federal Practice, Vol. 3, Section 60.05 Supp. p. 295; Perlman v. 322 West Seventy-Second Street Co., 2 Cir., 127 F.2d 716.

■ Therefore it appears that jurisdiction over the action was vested in the Court of Appeals and the District Court was at the time without jurisdiction to dismiss the action and is now without jurisdiction to entertain the present motion.

In view of the Court of Appeals having taken jurisdiction of the plaintiff's motion to extend the time to file and docket the record on appeal and for the reasons stated above, this court denies the plaintiff's motion without prejudice to proceed before the Court of Appeals.

Settle order on notice.