**PIASCIK v. TRADER NAVIGATION CO., Ltd., et al.**

No. 103, Docket 21479.

United States Court of Appeals
Second Circuit.

Submitted Dec. 13, 1949.

Decided Dec. 30, 1949.

See also 83 F.Supp. 518.

Jacob Rassner, of New York City, for plaintiff-appellant.

Reid, Cunningham & Freehill, of New York City (Frederick H. Cunningham, of New York City, of counsel), for defendants-appellees.

Before AUGUSTUS N. HAND, CHASE, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

This case well illustrates the procedural difficulties which may develop in a dilatorily conducted litigation. On June 11, 1943, plaintiff brought this action for the death of her husband September 10, 1941, from injuries sustained by him on August 21, 1941, in the performance of his duties as a seaman on the S. S. "Scottish Trader." She named three as defendants, two as British corporations or "entities" and one as a New York corporation; and as to each she alleged in successive paragraphs that it "navigated, operated, managed and controlled" the vessel at the time, that the officers and crew were in its "employ," and that the decedent was employed aboard "as a seaman in the capacity of a longshoreman." The British Ministry of War Transport successfully claimed immunity, Piascik v. British Ministry of War Transport, D.C.S.D.N.Y., 54 F.Supp. 487, and on January 5, 1944, was dismissed as a party defendant. On February 7, 1944, the questions raised by the special appearance and motion to set aside the service of the other two defendants, Simpson, Spence & Young and Trader Navigation Company, Ltd., were referred to a Special Master for hearing and report. After several motions by defendants for vacation of the proceedings because of plaintiff's delays, the master eventually took evidence here and, by commission, from England, and then on January 24, 1946, filed his report recommending the entry of an order setting aside the service upon the Trader Company.

In his report the master pointed out that any issue as to service on Simpson, Spence & Young had been eliminated because this firm (actually a partnership) was at issue with the plaintiff, and went on to state that, as stipulated, the question before him was whether or not a valid service on a Simpson partner would be a good service upon Trader. Then, reviewing the evidence, he found that the firm, which was engaged in the business of ship chartering and brokerage in New York City, had done "but very little business" with Trader, never any as to this particular ship, which was later sunk, and none for any Trader vessels from probably 1940 and certainly 1941 through 1944. Referring to the requirements for local jurisdiction stated in Jacobowitz v. Thomson, 2 Cir., 141 F.2d 72, and other cases, he held that the firm was neither a general nor a managing agent for Trader and further that Trader was not doing business in New York. These conclusions led of course to his recommendation above stated. The district court confirmed the report and on March 18, 1946, entered its order setting aside the service upon Trader and directing that its name be stricken from the caption of the action. On May 3, 1946, plaintiff filed her notice of appeal from this order, identifying it by date and by description of its contents. Our present jurisdiction depends upon this notice of appeal.

The record before us shows, however, further developments. Plaintiff did not take steps to advance the appeal until late November, 1948.[1] At that time she obtained an order from this court (with defendants' counsel not present as he asserts) extending the time for filing her record to December 29, 1948. Later it was extended still further by stipulation. Meanwhile on December 11, 1947, the district court had dismissed the entire action for lack of prosecution, notice of the dismissal being then mailed the attorneys. On January 14, 1949, plaintiff moved for the vacation of this order as invalid because of the pendency of the appeal. The court filed an opinion, D.C.S.D.N.Y., 83 F.Supp. 518, 520, holding that because of the pendency of the appeal it was "without jurisdiction to dismiss the action and is now without jurisdiction to entertain the present motion." Accordingly on March 17, 1949, it entered its order denying the motion "without prejudice," but adding, also, "the order of dismissal of the above entitled action filed on December 11, 1947 being a nullity." This appeal was then perfected, the parties stipulating the record on September 21, 1949; and it was submitted to us without oral argument on December 13, 1949.

To unravel this tangled skein is not easy. The record before us shows no ground to upset the master's findings, confirmed by the district court, upon the basis of which the service upon Trader was set aside. But it now appears that the order presented for review was not final and appealable, since plaintiff's complaint made the identical charge against the original three defendants and no disposition of the case had then been made as to one, namely, Simpson, Spence & Young. Hohorst v. Hamburg-American Packet Co., 148 U.S. 262, 13 S.Ct. 590, 37 L.Ed. 443; Studer v. Moore, 2 Cir., 153 F.2d 902; Atwater v. North American Coal Corp., 2 Cir., 111 F.2d 125. It might be argued that the dismissal order of December 11, 1947, was surely valid with respect to Simpson, Spence & Young, since the notice of appeal brought no issue as to that firm before the appellate court, but it remained always subject to the orders of the district court. Even so, that conclusion would not affect the case against Trader, which had been transferred to the appellate court by the notice; and the earlier order as to it would remain as before. Moreover, the notice of appeal upon which our jurisdiction must rest was explicitly directed to that order; and later developments would not change that fact. Thus see Federal Deposit Ins. Corp. v. Congregation Poiley

---

1. Meanwhile she tried unsuccessfully to effect service upon Trader by serving an officer of the British Ministry of War Transport. Piascik v. Trader Navigation Co., 1946, D.C.S.D.N.Y., 7 F.R.D. 118.

An earlier action against the United States had also failed. Piascik v. United States, 1944, D.C.S.D.N.Y., 65 F.Supp. 430.

Tzedeck, 2 Cir., 159 F.2d 163, 166, emphasizing the filing of a definite notice or other paper as fixing the time of transfer of jurisdiction and explaining the written "waiver" accepted in Crump v. Hill, 5 Cir., 104 F.2d 36, as furnishing "unanswerable evidence of the appellant's purpose." Here that evidence always pointed to the earlier and unappealable order. Hence, notwithstanding the lack of any indication of present vitality in this long-drawn-out case, our present order must be for dismissal of this appeal.

Appeal dismissed.