**Walter L. HOETH, Appellant,**

v.

**B. A. STONE, Appellee.**

**No. 15213.**

United States Court of Appeals
Ninth Circuit.

Jan. 22, 1957.

Taylor & Taylor, Fairbanks, Alaska, for appellant.

Maurice T. Johnson, Fairbanks, Alaska, for appellee.

Before STEPHENS, FEE and BARNES, Circuit Judges.

BARNES, Circuit Judge.

Hoeth and Stone entered into an agreement whereby Stone was to obtain certain land in Alaska to mine and Hoeth would place thereon certain personal property; principally machinery to mine the property.

According to appellant's brief:

"The partnership began on the 2nd day of August, 1949, and was to continue for a period of two years, to thoroughly test the mine, and if profitable, a further agreement would be made by which appellant would convey his interest in the personal property to the partnership, and the appellee would convey the mining claims to the partnership.

"It was agreed that each of the parties should devote his time and interest to the business for the mutual benefit of the partners. Each partner was to receive such remuneration as the partners should from time to time establish.

"The appellee was to be considered the mine manager and have final word on ore extraction and milling. Appellant was to be considered the business agent of the partnership and have the duty of purchasing materials and supplies for the partnership, and keep the books thereof." (Appellant's Brief, p. 2.)

Paragraph 10 of the agreement was peculiar to a partnership agreement. It provided that the assets contributed would remain the property of the contributing partner until the venture proved profitable, and the agreement extended. It never was, for the two parties disagreed on the job, principally about the hiring of additional help. Exactly what was said and done, or not done, by each, was in dispute.

Appellant sued for his expenditures, loss of earnings, and on the $500 note given by appellee to him. Appellee admitted the partnership, and the execution of the note; but urged that an accounting would prove that he owed appellant nothing. Appellee also denied there had ever been a demand on the note.

At the trial the court suggested an accounting reference. *Consent to such an order was signed by both parties and their counsel.* When the reference was made, it ordered the referee "to try the whole issues involved in the (above) case." This the referee did. The court filed his opinion, adopting the referee's findings generally, but with some changes. The referee had found that the sum of $1,659.96 was due defendant by plaintiff; that the sum of $613.68, plus interest on the promissory note, was due to plaintiff by defendant.

The plaintiff filed numerous exceptions, and in addition, thirteen pages of argument and brief.

The court filed a lengthy and careful opinion, discussing the contradictions in the testimony, making a $200 adjustment in the referee's figures in favor of appellant (increasing the amount due him by $100). This left a net due Stone of $747.78, plus attorney's fees (fixed at $373.89), and costs of court, taxed by the Clerk at $2,064.42.

Exceptions were filed to the cost bill; these were denied by the Clerk; motion for review of allowance by Clerk was made and apparently has never been acted upon.

A motion for new trial was made by appellant. He filed a written brief in support thereof, and it was denied by a second judge, (Judge Forbes) the first judge, (Judge Pratt) having left office.

Thereafter, plaintiff and appellant filed a "motion to vacate the order of reference, the report of the referee, the opinion of the court, the judgment based thereon, and the order denying plaintiff's motion for new trial." Again a brief was filed. This motion was denied by Judge Forbes, in an order which reads, in part, as follows:

"A motion for new trial was then made by Plaintiff, and after a careful review of the entire record, was denied by the Court * * *. Two weeks later (this motion) * * * was filed.

"Ignoring the procedural peculiarities of the plaintiff's motion, inasmuch as all contentions made by him were considered by this Court on motion for a new trial and at that time resolved against him, the motion is denied. On the motion for a new trial, *I carefully reviewed the entire record in this case and found myself in agreement with the opinion rendered by Judge Pratt.* (Emphasis added.)

"The motion to review the taxation of costs by the Clerk, never having been noticed for hearing, is not now before the Court."

Not satisfied, the plaintiff-appellant thereafter filed a motion for a rehearing, re-argument, and reconsideration of plaintiff's motion for a new trial. Again the court patiently denied the motion, Judge Forbes again pointing out that he had carefully reviewed the case, and was in accord with the opinion entered by Judge Pratt.

Plaintiff now appeals.

Appellant urges here the same matters urged below, all relating (a) to the weight of the evidence or its sufficiency; (b) that the order of reference should never have been made, or (c) that appellant has newly discovered evidence.

■ All of these matters are peculiarly within the province of the trier of fact, or within the discretion of the trial judge. They form no basis for action by an appellate court.

■ Appellant raises six points upon appeal, (Appellant's Brief, p. 23) but "discusses them collectively." None is worthy of comment by this court beyond

what has been stated above, save perhaps one undesignated legal point that is argued by appellant; namely that the agreement attached to his complaint as Exhibit A,—a copy of what he describes in his second amended complaint as "the partnership * * * agreement,"—did not actually create a partnership. He cites Roberts v. Date (not Dale), 9 Cir., 123 F. 238, 244, a decision of this circuit. There it was held, says appellant:

> "an agreement to transfer an interest in mines or consideration of furnishing of money and supplies is a bargain and sale agreement and not a partnership agreement."

What the court actually said was:

> "*In the light of the surrounding circumstances and the acts of the parties,* therefore, it is clear that the provisions which Date received and the money furnished him and his wife were the consideration of his transfer of an interest in his mines, and that, while there was a tenancy in common of the mines, there was no partnership and no partnership property, and no partnership enterprise was contemplated." (Emphasis added.)

That is not the factual situation here, as the facts and the theory on which the case was pleaded and tried, compared with the facts set forth in the Roberts v. Date opinion, decisively establish.

We find not the slightest semblance of merit in appellant's criticism of the lower court; either for allegedly assuming facts not in evidence, for being "confused," or for not giving the weight to certain contradicted testimony that appellant thinks should be accorded to it.

We affirm the judgment, but we make note that the matter of costs is not before us, just as it was not before the trial court for ruling, there being an unnoticed motion pending in the court below to review the taxation of costs made by the Clerk.

Affirmed.