**INDEPENDENT PRODUCTIONS CORPORATION and IPC Distributors, Inc., Plaintiffs,**

v.

**LOEW'S INCORPORATED et al., Defendants.**

United States District Court
S. D. New York.

March 30, 1960.

Rosston, Hort & Brussel, New York City, George Brussel, Jr., New York City, of counsel, for plaintiff.

Weisman, Celler, Allan, Spett & Sheinberg, Cahill, Gordon, Reindel & Ohl, James L. O'Connor, New York City, for defendants.

McGOHEY, District Judge.

This is a motion by the unsuccessful plaintiff to re-tax costs.

This private antitrust action was dismissed without trial by Judge Sugarman for plaintiff's failure to comply with a direction of the court. 24 F.R.D. 360. A notice of appeal and bond were filed on November 24, 1959. Costs in favor of

the defendants were taxed by the clerk on December 29, 1959. On January 8, 1960, the plaintiff filed this motion,[1] objecting to $2,217.24 of the amount taxed. The motion was argued on January 14, 1960. Thereafter, and before the decision of the motion, the appeal was docketed in the Court of Appeals.

■ Although the point has not been urged by counsel, the court feels obliged to examine its jurisdiction to consider the motion while the case is pending in the Court of Appeals. As a general rule, after notice of appeal is filed the District Court is without authority to proceed further with the action. United States v. Radice;[2] Piascik v. British Ministry of War Transport.[3] An exception was recognized, and the words "with costs to the defendants" added to a judgment in this district, where the notice of appeal had been filed but the appeal not yet docketed. First National Bank in Freenwich v. National Airlines, Inc.[4] The motion here pending is not governed, as in that case, by the provision of Rule 60(a) which permits clerical mistakes to be corrected before the appeal is docketed. Nevertheless, the significance of docketing the appeal must be considered.

The language of the court in Hoeth v. Stone,[5] indicates that a motion to re-tax costs may be properly passed on by the District Court while the appeal is being considered on the merits in the Court of Appeals. In Farmer v. Arabian American Oil Co.,[6] the plaintiff filed a notice of appeal and bond on August 18, 1959. Ten days later the appeal was docketed. Costs were taxed on October 30, 1959, and a motion made to re-tax costs on November 5, 1959. Despite the pendency of the appeal the motion was disposed of on the merits. Thus, while the question is

not free from doubt, the authorities indicate there is jurisdiction to consider the alleged errors in taxing costs.

Three items taxed by the clerk have been objected to:

| | |
|---|---|
| Fees of the Court Reporter | $ 103.25 |
| Fees for copies of documents | 63.49 |
| Fees incident to depositions | 2,050.50 |
| | $2,217.24 |

■ The fees of the court reporter were taxed because the transcripts were in connection with motions relating to the depositions of one Biberman. It was for failure to comply with a direction to produce Biberman as a managing agent that the case was dismissed. To argue that these transcripts were not obtained "for use in the case" is to ignore the fact that the dismissal was based in part on these transcripts. The costs incident thereto were properly taxed. Perlman v. Feldman, D.C., 116 F.Supp. 102, reversed on other grounds, 2 Cir., 219 F.2d 173, 50 A.L.R.2d 1134.

■ The costs in connection with copying of documents are excessive. Conceding their necessity, only a reasonable expense will be allowed in connection therewith. Here, the defendants offer no explanation of their choice of the expensive process of electroprinting. Absent such a showing, the cost of photostating only will be allowed. The amount of $63.49 taxed by the clerk for the 42 pages involved is reduced to $8.60 which represents the costs of commercial photostating thereof.

■ The cost of depositions of the plaintiff's president, Lazarus, its vice-president, Grutman, and its former officer Biberman, is objected to. Lazarus' deposition required six days before argu-

1. The motion was actually served on defendants six days after the costs were taxed. Defendants have not objected under Rule 54(d), 28 U.S.C.A., and the court will not.

2. 2 Cir., 40 F.2d 445.

3. D.C., 83 F.Supp. 518.

4. D.C., 167 F.Supp. 167.

5. 9 Cir., 240 F.2d 384, 387, 16 Alaska 628.

6. D.C.S.D.N.Y., 176 F.Supp. 45.

ment to the court on matters held relevant to discovery, and three days more thereafter. It consists of 1,415 pages. Grutman's deposition consumed three days more and is 458 pages in length. Biberman's deposition is another 157 pages. The sum total of the information gained thereby was that the two officers knew nothing about the claims made in this action, and that it was former officers of the plaintiff who had resigned prior to the commencement of this action that the defendants needed to examine. While 2,030 pages seems excessive to elicit information of such limited scope, this resulted in large part from a myriad of objections raised by the plaintiff's counsel which greatly contributed to the size of the depositions. The plaintiff will not be relieved of this item. In the exercise of discretion,[7] the court directs that the cost of the Lazarus deposition, as well as that of Biberman, be borne by the plaintiff as taxed by the clerk. The Grutman deposition was taken after plaintiff's counsel had informed defendants, in writing and in open court, that he knew nothing about the case. It is urged that its cost may not be taxed to the plaintiff under cases such as Harris v. Twentieth Century Fox Film Corporation.[8] In light of the unusual vigor with which all efforts to examine the plaintiff's officers were resisted, it certainly was not unreasonable for the defendants to disregard "volunteered" information respecting Grutman's lack of knowledge. Moreover the latter's deposition was actually used in connection with a very important motion in the case decided by Judge Sugarman.[9]

The court directs that the bill of costs be re-taxed in accordance with the following:

1) fees for copies of documents are reduced to $8.60

In all other respects, the motion to re-tax costs is denied.

So ordered.

7. Harris v. Twentieth Century-Fox Films Corp., 2 Cir., 139 F.2d 571, 573.