**AMERICAN INFRA-RED RADIANT CO.** Inc., a Delaware corporation, and Hupp Corporation, a Virginia corporation, Plaintiffs,

v.

**LAMBERT INDUSTRIES, INC.,** a Minnesota corporation, and Industrial Ceramics, Inc., a Minnesota corporation, Defendants,

and

Agard L. Lambert, Nominal Party Defendant.

Civ. No. 5-61-51.

United States District Court
D. Minnesota,
Fifth Division.
Sept. 20, 1966.

**162**

Wheeler, Burns & Buchanan, by Loren W. Sanford, Duluth, Minn., for plaintiffs.

Merchant, Merchant & Gould, by John D. Gould, Minneapolis, Minn., for defendants.

## MEMORANDUM ORDER

DONOVAN, Senior District Judge.

Plaintiffs' motion for a continuance of taxation of costs came on for hearing before this Court on the 19th day of August, 1966.

Following arguments by counsel, briefs were submitted, the last being plaintiffs' reply brief dated September 9, 1966.

Plaintiffs sued in this action for patent infringement and defendants counterclaimed for patent misuse and anti-trust violation. The trial court held the patents valid but not infringed, and found no patent misuse or anti-trust violation. The Court of Appeals affirmed the trial court's denial of relief to either side, but reversed its determination as to the validity of the patents.[1]

The trial court also ruled that each party was to bear its own costs and disbursements. The Court of Appeals concluded that "in view of the outcome" of the appeal, the "division of costs should be modified."[2]

Judgment was entered in accordance with the mandate of the Court of Appeals on July 18, 1966. Defendants, being the prevailing party in the patent infringement suit, gave notice to plaintiffs that costs would be taxed before the clerk on July 25. On July 20 plaintiffs moved that the taxation of costs be continued pending the disposition of its intended petition for certiorari, and obtained an ex parte order temporarily continuing taxation of costs until the motion could be heard. On August 18, plaintiffs filed a petition for a writ of certiorari in the United States Supreme Court.

■■ Plaintiffs' first contention in support of their motion for continuance of taxation of costs is that the trial court's original order providing that each party bear its own costs has not been vacated or modified, and since it is therefore still in effect, the Clerk cannot tax costs. It is the opinion of this Court that the original order was automatically vacated by the decision and mandate of the Court of Appeals. It is clear as a general rule that reversal of a judgment vacates the taxation of costs which is included as

---

1. American Infra-Red Radiant Co. v. Lambert Industries, Inc., 8 Cir., 360 F.2d 977.

2. Id. at 997.

a part of that judgment.[3] In this case, there was reversal as to only one part of the judgment, but it seems logical to conclude that the entire apportionment of costs has been vacated when the relative extent to which the parties prevailed [4] has been changed by that reversal. That such a result is necessary is implicit in the conclusion of the Court of Appeals that the original division of costs should be modified "in view of the outcome" of the appeal.[5]

Plaintiffs' second contention is that taxation of costs ought to be continued because they have a petition for a writ of certiorari pending in the United States Supreme Court. This raises the question of the effect of a pending petition for a writ of certiorari upon the taxation of costs in the trial court.

This particular question is apparently one of first impression. Diligent search by counsel and the Court has failed to unearth a single case in point.

Rule 54(d),[6] which deals with "costs," states:

> "Except when express provision therefor is made either in a statute of the United States or in these rules, *costs shall be allowed as of course to the prevailing party unless the court otherwise directs;* but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Costs may be

taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court." (Emphasis supplied.)

This rule is somewhat ambiguous in its application to the present issue, but it appears to leave a great deal of discretion in the trial court.

Title 28 U.S.C. § 2101(f)[7] provides that *execution* of a judgment for costs may be stayed pending application for certiorari, but since taxation of costs occurs somewhere between judgment and execution thereon,[8] this provision is inconclusive. It does, however, seem that if execution on a cost judgment may be stayed, it should not be inconsistent with Congressional policy for a court to also stay taxation of the costs in its discretion.

■■ It is not mandatory that costs be taxed now, before final disposition of this case by the Supreme Court. Rule 54(d) "does not provide a timetable for the taxing of costs" and "no time restrictions are placed on the taxing of costs." [9]

■■ Neither is it mandatory to stay taxation of costs until final disposition of the petition for certiorari. It is clear under 28 U.S.C. § 2101(f) [10] that execution need not be stayed while a petition for certiorari is pending, and that such a stay is within the sound discretion of the

---

3. Farmer v. Arabian American Oil Co., 379 U.S. 227, 229, 233, 85 S.Ct. 411, 13 L.Ed.2d 248, affirming Farmer v. Arabian American Oil Co., D.C.S.D.N.Y., 31 F.R.D. 191, 194; See Title 28 U.S.C. § 1920.

4. "[C]osts shall be allowed as of course to the prevailing party unless the court otherwise directs * * *." Rule 54(d) Federal Rules of Civil Procedure.

5. American Infra-Red Radiant Co. v. Lambert Industries, Inc., supra at 997.

6. Rule 54(d), Federal Rules of Civil Procedure.

7. "(f) In any case in which the final judgment or decree of any court is sub-

ject to review by the Supreme Court on a writ of certiorari, the execution and enforcement of such judgment or decree may be stayed for a reasonable time to enable the party aggrieved to obtain a writ of certiorari from the Supreme Court. The stay may be granted by a judgment of the court rendering the judgment or decree or by a justice of the Supreme Court * * *."

8. See Rule 58, Federal Rules of Civil Procedure; Title 28 U.S.C. § 1920.

9. Fleischer v. A.A.P., Inc., D.C.S.D.N.Y., 36 F.R.D. 31.

10. Note 7 supra.

**164**

trial judge.[11] If it is not mandatory to stay execution on a cost judgment, it should certainly not be mandatory to stay taxation of the costs, a mere preliminary to the execution thereon.

Therefore, it appears that a continuance of taxation of costs is within the discretion of the trial court,[12] and counsel appear to agree on this. It is fundamental that both costs and continuances are ordinarily matters within the sound discretion of the trial court.

It is clear that plaintiffs could have moved for a stay of the mandate of the Court of Appeals pending their application for certiorari.[13] Perhaps they should have. However, that fact does not affect the power of this Court to grant a stay.[14]

Having concluded that this matter is within the discretion of this Court, having in mind the arguments and briefs of counsel, and having fully in mind all the circumstances of this case, it is concluded in the exercise of that discretion that the motion to continue taxation of costs pending the disposition of plaintiffs' petition for a writ of certiorari should be granted.

It should be understood, however, that upon disposition by the Supreme Court of plaintiffs' petition for certiorari, costs should be taxed promptly pursuant to Rule 54(d).[15]

The motion is granted.

It is so ordered.

Defendants are hereby granted an exception.

---

11. United States v. Eisner, 6 Cir., 323 F. 2d 38, 42; Potts v. Flax, 5 Cir., 313 F. 2d 284, 290, note 6; See Fidelity & Deposit Co. of Maryland v. Davis, 4 Cir., 127 F.2d 780, 782; Independent Productions Corp. v. Loew's Inc., D.C.S.D.N.Y., 184 F.Supp. 671.

12. See also Deering, Milliken & Co. v. Temp-Resisto Corp., D.C.S.D.N.Y., 169 F. Supp. 453.

---

13. Rule 16(c) Rules of the Court of Appeals for the Eighth Circuit; Title 28 U.S.C. § 2101(f), supra note 7.

14. Title 28 U.S.C. § 2101(f), supra note 7; See Keyes v. United States Fidelity & Guaranty Co., D.C.S.D.Fla., 44 F.Supp. 723.

15. Rule 54(d), Federal Rules of Civil Procedure.