[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10891
Non-Argument Calendar
_____

D.C. Docket Nos. 9:11-cv-80601-DMM; 9:11-cv-80638-DMM

WINN-DIXIE STORES, INC.,
WINN-DIXIE STORES LEASING, LLC,
WINN-DIXIE RALEIGH, INC.,
WINN-DIXIE RALEIGH LEASING, LLC,
WINN-DIXIE MONTGOMERY, LLC, et al.,

Plaintiffs -
Counter Defendants -
Appellees,

versus

DOLGENCORP, LLC,

Defendant -
Third Party Plaintiff -
Appellant,

BIG LOTS STORES, INC.,

Defendant -
Third Party Plaintiff -
Counter Defendant,
Appellant,

DOLLAR TREE STORES, INC.,

                                        Defendant -
                                        Counter Claimant -
                                        Appellant,

NORTHEAST PLAZA VENTURE I, LLC, et al.,

                                        Third Party Defendants -
                                        Counter Claimants,

AVON SQUARE, LTD, et al.,

                                        Third Party Defendants.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(May 11, 2015)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Defendants-Appellants Dolgencorp, LLC, Big Lots Stores, Inc., and Dollar Tree Stores, Inc. (collectively, the "Defendants"), appeal from the district court's award of costs to Plaintiffs-Appellees (collectively, "Winn-Dixie") in Winn-Dixie's lawsuit claiming that the Defendants had separately violated restrictive covenants at 97 "dollar" stores in Florida, Georgia, Alabama, Louisiana, and Mississippi. When it originally ruled on these claims in a final judgment following a bench trial, the district court issued some injunctive relief for 17 of the 97 stores

2

at issue, and did not award Winn-Dixie any money damages.  It then taxed costs against the Defendants under Fed.R.Civ.P. 54(d), which allows a district court to award costs, other than attorney's fees, to a prevailing party.

Since the district court entered its award of costs, however, we reviewed on appeal the district court's final judgment following the bench trial.  See Winn-Dixie Stores, Inc. v. Dolgencorp, LLC, 746 F.3d 1008 (11th Cir. 2014).  In our decision, we vacated the district court's judgment for 54 of the 97 stores, and affirmed as to the remaining 43.  Costs were not challenged as part of that appeal, so our opinion did not expressly vacate the award of costs.  Nevertheless, reversing or vacating a district court order and remanding for further proceedings has the dual effect of "upsetting the judgment and the taxation of costs."  Farmer v. Arabian Am. Oil Co., 379 U.S. 227, 229 (1964), disapproved of on other grounds by Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442 (1987).  As a result, our Winn-Dixie opinion had the effect of vacating the district court's cost award because we vacated the judgment to which it was tied.  See U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1294 (11th Cir. 2001) ("In light of our holdings, further proceedings are required in the district court, as it is no longer clear which party should be considered the prevailing party.  Thus, insofar as it awarded costs, the judgment must be vacated and remanded for reconsideration by the district court." (citation omitted)); see also Am. Infra-Red Radiant Co. v. Lambert Indus.,

3

Inc., 41 F.R.D. 161, 162-63 (D. Minn. 1966) ("It is clear as a general rule that reversal of a judgment vacates the taxation of costs which is included as a part of that judgment. In this case, there was reversal as to only one part of the judgment, but it seems logical to conclude that the entire apportionment of costs has been vacated when the relative extent to which the parties prevailed has been changed by that reversal." (footnotes omitted)).

Indeed, the district court in this case has not yet resolved Winn-Dixie's restrictive covenant claims on remand, and moreover, the reasoning underlying the district court's initial cost award no longer stands. It is no doubt true that Winn-Dixie's relief could expand on remand, and therefore that it could remain the prevailing party; but, given the wide discretion district courts are afforded in the area of costs, it is best for the district court to consider this issue in the first instance. See Chapman v. AI Transp., 229 F.3d 1012, 1038 (11th Cir. 2000) (en banc) (Rule 54(d) "establishes a presumption that costs are to be awarded to a prevailing party, but vests the district court with discretion to decide otherwise."). Accordingly, the district court's cost award is vacated and remanded for reconsideration by the district court, following its resolution of Winn-Dixie's claims on remand.

**VACATED AND REMANDED.**