## DILLON v. UNITED STATES.

### SMITH v. SAME.

Circuit Court of Appeals, Ninth Circuit.
November 12, 1928.

Nos. 5586, 5587.

Dennis J. Lucey and Franklyn M. O'Brien, both of San Francisco, Cal., for appellants.

Geo. J. Hatfield, U. S. Atty., and Esther B. Phillips, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

DIETRICH, Circuit Judge. In point of fact and legal status the two cases are substantially identical, and for the sake of brevity we shall therefore refer only to the first.

On August 5, 1924, the appellant filed his complaint under the Sealing Claims Act of June 7, 1924, 43 Stat. 595 (28 USCA § 52). Whitelaw v. United States (D. C.) 9 F.(2d) 103; United States v. Laflin (C. C. A.) 24 F. (2d) 683; Bird v. United States (C. C. A.) 24 F.(2d) 933. The customary deposit was made for costs, and summons issued. The clerk's records disclose no other proceeding until January 11, 1926, when, acting under its standing rule 76, the court entered an order of dismissal, whereupon the clerk, as is his practice, computed costs earned, and returned the balance of the deposit to counsel for plaintiff. Nothing further occurred until May 6, 1928, when plaintiff filed an application, supported by an affidavit and accompanied with the written consent of the United States district attorney, that the order of dismissal be vacated. Upon a hear-

ing the application was denied, and plaintiff brought this appeal.

In addition to the facts already referred to, the affidavit supporting the application shows: That upon the filing of the complaint service was made upon the United States district attorney at San Francisco, and a copy (presumably of the complaint) was mailed to the Attorney General. That on September 1, 1924, counsel for plaintiff received a letter from an assistant to the Attorney General, then stationed at San Francisco, explaining that in such cases it required an indefinite length of time to get the records from Washington, and that therefore the writer was inclosing a stipulation on the subject of time in which defendant should appear and plead. The stipulation inclosed bore the signatures of the district attorney and the special assistant, and was to the effect that the defendant United States might have 10 days "after the receipt of written notice within which to except, answer, or otherwise plead." This counsel for plaintiff signed, but by common consent it was not filed. Shortly thereafter counsel for plaintiff had a conference with Mr. Maythan, the special assistant, in the course of which he inquired of him concerning the attitude of the government in respect to the sealing cases, and was informed that it was the intention to bring to trial three of those then pending, and, upon obtaining decision, the government would be in a position to decide what steps to take, if any, in disposing of the claims. That it was then agreed that it would not be necessary for plaintiff "to take any other action in the premises, and that in due time the government would advise" his attorney as to the course it would pursue in respect of pending cases, and whether they would be tried or otherwise disposed of. That plaintiff assented, and did not take any further steps in this suit, awaiting a determination of cases in the court and notice from the United States district attorney's office. That on or about February 27, 1928, counsel for plaintiff learned from a San Francisco newspaper that the Circuit Court of Appeals had sustained the judgment of the District Court in the Laflin Case, supra, and thereupon, on consulting his files and the records in the office of the clerk of the District Court, he became advised for the first time of the order of January 11, 1926.

There is no suggestion of any failure on the part of the attorneys for the United States to keep any agreement, or of bad faith in any particular. As already stated, the order of dismissal was entered upon the court's own motion, pursuant to the rule, and the attitude of counsel for the government is disclosed in the consent that it be vacated.

Rule 76, in so far as material, is as follows: "Causes which have been pending in this court for more than one year without any proceedings having been taken therein during such year may be dismissed, as of course, for want of prosecution, by the court on its own motion, at a general calling of a calendar prepared for the purpose by the clerk."

Admittedly, on January 11, 1926, the case was subject to the application of this rule, and the proceedings taken were in strict conformity therewith. The order of dismissal was neither conditional nor provisional, but was absolute and final. Not only did the term at which it was entered expire, but other terms intervened before the date of the filing of plaintiff's application. We are of the opinion that by reason of these conditions the court was without jurisdiction to grant the application. United States v. Mayer, 235 U. S. 55, 67, 35 S. Ct. 16, 59 L. Ed. 129; S. M. Hamilton Coal Co. v. Watts (C. C. A.) 232 F. 832. No decision to the contrary has been called to our attention, and we have found none. The order involved in United States v. Sixty-Five Cases of Leather (D. C.) 254 F. 211, is scarcely analogous to the one we are here considering. The court there said:

"The docket entry of dismissal in the instant case as fully appears by the order pursuant to which made was not a 'final' dismissal or judgment or disposition of the case, nor was it intended to be. On the other hand, it was expressly provided in the order that the action might be revived, and its prosecution proceeded with and continued, on application and showing made."

There is nothing in the record here to bring the case within any recognized exception to the general rule.

Furthermore, were we to yield to the contention that the court had the power to vacate the order and restore the case to the calendar, the result would be the same. No abuse of discretion is shown. Rule 76 is intended to confer upon the court the power to clear its calendar of cases which are not diligently prosecuted. It would be futile, if the exercise of such power were dependent or conditioned upon the desires of counsel for litigants. The court may ignore stipulations of record, and a fortiori mere oral understandings of counsel. True,

the court is not bound 'to dismiss under the conditions specified in the rule, but it may do so in the exercise of its sound discretion.

The order appealed from in each case is affirmed.