**BARGER v. BALTIMORE & O. R. CO.**

**No. 7981.**

United States Court of Appeals for the District of Columbia.

Submitted April 9, 1942.

Decided April 20, 1942.

Messrs. Norment Custis and Joseph R. McCuen, both of Washington, D. C., submitted the case on the brief for appellant.

Messrs. George E. Hamilton, John J. Hamilton, and Leo N. McGuire, all of Washington, D. C., submitted the case on the brief for appellee.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

PER CURIAM.

This appeal involves a suit begun by appellant in the District Court against the Baltimore and Ohio Railroad Company. The complaint was dismissed on motion of the railroad.

The record shows that in May, 1935, appellant, as administrator d.b.n.c.t.a. of the estate of Charles F. Hood, deceased, brought an equity suit against Baltimore and Ohio Railroad Company in the United States District Court for the Western District of Pennsylvania. The railroad answered, there was a trial, and in January, 1938, District Judge Gibson dismissed the complaint with costs. No appeal was taken. In December, 1939, appellant brought in the United States District Court for the District of Columbia a second suit based on the same claim and against the same defendant. In January, 1940, the District Court ordered the complaint stricken from the files, with leave to appellant to file an amended complaint. This appellant filed, and in March, 1940, it too was ordered stricken from the files, with leave to appellant to amend. No amendment or other pleading was filed, nor any further action taken in the case. Instead, in July, 1940, appellant filed in the court below a third suit, likewise founded on the same claim and against the same defendant. On motion of appellee, the complaint in this suit was stricken in October, 1940, and no further proceedings were had.

In the following December, 1940, appellant brought his complaint in the present case, based upon the same claim and against the same defendant. Appellee thereupon moved for dismissal of the complaint, "for the reason that said complaint contains the same claim as that which was contained in other complaints which have been filed in this court and dismissed on motion of defendant". The motion is said to have been filed under Rule 41(b) of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c. On the following 31st of March, Judge Goldsborough dismissed the complaint with costs, and this appeal followed.

The case was submitted on briefs, and appellant insists that the dismissal below was on the ground of "res judicata" and

that the defense of res judicata can be raised only by an answer. Appellee insists that the order of dismissal was under Rule 41 of the new rules, and either that the previous actions of the court amounted to involuntary dismissals, which operate as an adjudication on the merits, or that the failure of appellant to prosecute the suits amounted to voluntary dismissals, the second of which operates as an adjudication on the merits.

Judge Goldsborough assigned no reasons for the dismissal, but we think an inspection of the record discloses the real ground of his action to be the failure of the plaintiff (appellant) to prosecute the proceeding. But whatever doubt there may be as to this, we are nevertheless convinced that the suit was properly dismissed.

Disregarding the original suit in the Federal Court in Pennsylvania, we have a case in which appellant, approximately two years ago, brought suit. The complaint was twice stricken from the files, and he took no further proceedings. Instead, with the cause still pending, he brought another suit, and the same process was repeated. Finally, with two suits pending, he brought still another, which was dismissed.[1] Thus, we have a situation in which the default in prosecution has extended over a period of more than a year, in which plaintiff has filed four complaints, and in which he has had pending at one time three separate suits based on the same claim against the same defendant.

Under such circumstances the court was justified in dismissing the suit, either under Rule 41(b) of the new rules, which authorizes dismissal of an action for failure to prosecute on motion of the defendant, and the obvious purpose of which is to prevent unnecessary harassment and delay in litigation; or under the inherent power of a court to dismiss for failure to prosecute or want of diligence, a power which the court may exercise of its own motion. Carnegie National Bank v. City of Wolf Point, 9 Cir., 110 F.2d 569, 572; Hicks v. Bekins Moving & S. Co., 9 Cir., 115 F.2d 406, 409; Redfield v. Ystalyfera Iron Co., 110 U.S. 174, 176, 3 S.Ct. 570, 28 L.Ed. 109; Dillon v. United States, 9 Cir., 29 F.2d 246; Taylor v. Southern R. Co., D.C., 6 F.Supp. 259.

To justify our reversing the order of the lower court, we should be compelled to say there had been an abuse of discretion. We think the contrary of this is true.

Affirmed.

---

[1] The two earlier District of Columbia suits remained pending until after the final disposition of the present case, when they were dismissed pursuant to local Rule 24, which requires the clerk of the court to enter in the docket the words "Dismissed W. P.".