## AMERICAN NAT. BANK & TRUST CO. OF CHICAGO v. UNITED STATES.

### No. 8610.

United States Court of Appeals
District of Columbia.

Argued April 6, 1944.

Decided May 8, 1944.

---

Mr. Warren E. Miller, of Washington, D. C., for appellant.

Mr. Keith L. Seegmiller, Department of Justice, of Washington, D. C., with whom Messrs. Francis M. Shea, Assistant Attorney General and Lester P. Schoene, Director, Bureau of War Risk Litigation, Wilbur C. Pickett, Assistant Director, Bureau of War Risk Litigation, and Edward M. Curran, United States Attorney, all of Washington, D. C., were on the brief, for appellee.

Before GRONER, Chief Justice and EDGERTON and ARNOLD, Associate Justices.

EDGERTON, Associate Justice.

Appellant, conservator of an incompetent veteran's estate, sued on a policy of war risk term insurance. The District Court gave summary judgment for appellee.

Appellant had previously sued on the same policy in the United States District Court for the Northern District of Illinois. That suit was "dismissed for want of prosecution" on January 31, 1940.[1] The present suit was filed in the District of Columbia on January 27, 1941.

■■ Under Rule 41 (a) (2) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, dismissal of a suit at the plaintiff's instance is "without prejudice" unless otherwise specified in the order. But under Rule 41(b) a dismissal on defendant's motion, and likewise a dismissal not provided for in the Rules, "operates as an adjudication upon the merits" unless otherwise specified in the order. The court has inherent power to dismiss, on its own motion, for want of prosecution. Such a dismissal is not provided for in the Rules, and therefore operates as an adjudication upon the merits.[2]

■■ In an effort to show that the suit in Illinois was dismissed at the plaintiff's instance, and also that the judge intended the dismissal to be without prejudice, appellant offers an affidavit of its former attorney. The judgment of a court cannot be modified by extrinsic evidence.[3] Moreover the affidavit does not assert what appellant seeks to show. On the contrary, it says that the court disposed of the suit "on his own motion." It intimates that appellant asked and the court declined to have the order include the phrase "for reasons not affecting the merits." It says that the court offered to give a "certificate that the case was not called for trial; that no proceedings were had as affecting the merits, and that it was not, in any event, considered on the merits." The affidavit comes only to this; the judge was unwilling to draw the order of dismissal so that it might not conclude the merits, but willing to certify to the fact that he had not considered the merits. That fact is legally irrelevant. Even if the court had made the suggested certificate it would have been useless to appellant. Since (1) the dismissal was on the court's motion, (2) by Rule 41(b) such a dismissal, unless otherwise specified in the order, operates as an adjudication upon the merits, and (3) the court did not otherwise specify in the order, the dismissal necessarily operated as an adjudication upon the merits. If the affidavit is correct, this appears to have been what the court intended.

■■ Appellant seeks to avoid res judicata by claiming a substantive right to sue, which the Rules of Civil Procedure should not be permitted to abridge.[4] He bases this claim upon a provision in the World War Veterans' Act that "if suit is seasonably begun and fails for defect in process, or for other reasons not affecting the merits, a new action, if one lies, may be brought within a year though the period of limitations has elapsed."[5] But this provision merely extends the period of limitations. It does not abrogate the principle of res judicata. The new action may be brought only "if one lies."

Affirmed.

---

[1] The Circuit Court of Appeals for the Seventh Circuit had previously reversed a judgment for appellee. American Nat. Bank & Trust Co. of Chicago v. United States, 104 F.2d 783.

[2] Carnegie Nat. Bank v. City of Wolf Point, 9 Cir., 110 F.2d 569. Cf. Barger v. Baltimore & O. R. Co., 75 U.S.App. D.C. 367, 130 F.2d 401.

[3] Hill v. United States ex rel. Wampler, 298 U.S. 460, 464, 56 S.Ct. 760, 80 L.Ed. 1283. If the judgment was incorrect, appellant's remedy was by motion to vacate it. Cf. Cavallo v. Agwilines, Inc., D.C.S.D.N.Y., 2 F.R.D. 526.

[4] 28 U.S.C.A. § 723b, 48 Stat. 1064.

[5] 38 U.S.C.A. § 445, 46 Stat. 993.