## JARCY v. GRIFFITH.
### No. 772.

Municipal Court of Appeals for the
District of Columbia.
May 3, 1949.

Joseph J. Lyman, of Washington, D. C.,
for appellant.

Edward E. O'Neill, of Washington, D.
C., for appellee.

Before CAYTON, Chief Judge, and
HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Appellant was plaintiff below in a Class
B action,[1] filed on October 11, 1948. On
the return day, November 1, defendant ap-
peared but plaintiff did not, and the action
was dismissed for want of prosecution.
Plaintiff made no effort to have the dis-
missal set aside and on November 9 filed a
new but identical action. On November 29,
the return day of the second action, defend-
ant again appeared but again plaintiff failed
to appear. On the second call of the
calendar defendant moved that the action
be dismissed with prejudice and the court
granted this motion. Ten days later plain-
tiff moved to reinstate the case on the
ground that through inadvertence plaintiff's
counsel had failed to appear on the return
day. The motion was denied and this ap-
peal followed.

■■ The first point made is that the
dismissal with prejudice was contrary to
Rule 36, section A, subsection (h) of the
trial court, which provides:

"If a party seeking affirmative relief
shall fail to appear on Return Day, the
Clerk, upon request of the adversary party,
shall enter the suit dismissed, without prej-
udice, for lack of prosecution. If, in such
event, the party seeking affirmative relief
desires a trial, he shall so indicate by pro-
ceeding in accordance with Rule 53, Rule 36
and Rule 36A."

It is argued that the rule permits only
dismissal without prejudice. This may be
true but the dismissal was not under the
above quoted rule which applies only to the
first or preliminary call before the clerk.

[1] A Class B action is for more than $50
but less than $500. It is commenced by
the filing of a bill of particulars and de-
fendant is not required to file an answer.

The rule limits the authority of the clerk to a dismissal without prejudice but imposes no express restriction on action by the court. We find no implied restriction in the rule that the court shall not under such circumstances order a dismissal with prejudice. Such an implied restriction would bring about the absurd result that a plaintiff could file the same action over and over again, never appearing on the return day but forcing defendant to repeatedly appear to prevent a default judgment. Unless expressly restricted by statute or rule a court has an inherent power to dismiss an action for want of prosecution. Rule 37(b) of the trial court, based on Federal Rules of Civil Procedure, rule 41(b), 28 U.S.C.A., provides: "Unless the Court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for want of jurisdiction, operates as an adjudication upon the merits." The dismissal in this case was not provided for in Rule 37, and therefore the court exercising its inherent power to dismiss for want of prosecution was authorized to dismiss with prejudice. See American Nat. Bank & Trust Co. of Chicago v. United States, 79 U.S.App.D.C. 62, 142 F.2d 571; Barger v. Baltimore & O. R. Co., 75 U.S.App.D.C. 367, 130 F.2d 401.

The second point advanced is that it was an abuse of discretion for the trial court not to reinstate the second action. No facts appear of record to justify this assertion. A mere showing that plaintiff's counsel through inadvertence failed to appear and that he was in another court at the time is not sufficient to compel a setting aside of the dismissal. There is no explanation of the occasion for counsel being in the other court or any reason given why he could not have notified the trial court in advance of his inability to be present. The result may be unfortunate for the plaintiff, but courts have the duty to protect the rights of defendants as well as plaintiffs.

Affirmed.

CLAGETT, Associate Judge (dissenting).

I do not agree with the court's conclusion. It is based largely upon two points. Rule 36, section A, subsection(h) of the trial court provides that if a party seeking affirmative relief shall fail to appear on Return Day, the Clerk, upon request of the adversary party, shall enter the suit dismissed, without prejudice, for lack of prosecution. The court holds in effect that this rule applies only to the first or preliminary call before the Clerk and that on a second or succeeding call before the court the court may dismiss the case with prejudice. I think this ought to be the rule but that is not the way the rule reads now, and I think litigants should be given warning before such a reading of the rule is adopted. The second ground for the decision is that rule 37(b) of the trial court "based on" F.R. C.P. 41(b) provides that "Unless the Court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, operates as an adjudication upon the merits." It is argued that since the dismissal in this case was not provided for in Municipal Court rule 37 the court exercised its inherent power to dismiss for want of prosecution and was authorized to dismiss with prejudice. While it is true that Municipal Court rule 37(b) is "based on" F.R.C. P. 41(b), it is to be noted particularly that the federal rule cited authorizes involuntary dismissals on several grounds including "for failure of the plaintiff to prosecute", whereas Municipal Court rule 37(b) eliminates this ground for dismissal. It seems to me that the Municipal Court rule should be amended to conform in this respect to F.R. C.P. 41(b) and that thereafter if a case similar to the present one arises the court could dismiss an action with prejudice for failure to prosecute. Until the Municipal Court rule is so amended or litigants otherwise put on notice, I do not believe an action should be dismissed with prejudice for failure to prosecute.