## CLARKE v. CLECKLEY et al.
### No. 878.

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 4, 1950.

Decided Feb. 16, 1950.

Carl D. Coleman, Washington, D. C., for appellant.

Jack Politz, Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

This case is before us for the second time. In the original action plaintiffs Cleckley sued Clarke for the cost of repairs to premises they had purchased from Clarke. The trial court found in favor of plaintiffs and defendant appealed to this court. We reversed the judgment and ordered a new trial.[1] The second trial also resulted in judgment for plaintiffs and defendant Clarke again appeals.

The litigation arose from a sales contract whereby Clarke agreed to fix a leak in the roof of the premises, cracks in a wall, and to replace a wooden toilet seat.

1. Clarke v. Cleckley, D.C.Mun.App., 55 A. 2d 287.

It developed that a new roof was necessary, the bill for all repairs coming to $490 according to the record in the first trial. His refusal to pay the bill led to the action below.

In our previous opinion we upheld the finding that the new roof came within the terms of the contract, but reversed on the ground that defendant was being charged with more than he had agreed to assume under the contract. It appeared that the bill of $490 included certain work done solely at the instance of plaintiffs, beyond the undertaking of the defendant. We held that since there were no means of separating the costs of the several items, a new trial was necessary.[2]

Whereas at the first trial plaintiffs were unable to differentiate the cost of the several repairs, they did produce testimony at the second trial to clarify each item. They brought in an estimator of the contracting company, who testified that the new roof cost $340; "that the condition of the walls throughout the house was very bad and the cost of repairing all cracks in the wall was $142.50 and the cost of a wooden toilet seat to be $7.50 and based on his many years of experience and in the contracting business, the charges of $490.00 as itemized by him was a fair and reasonable charge for the same." He also testified that other work had been done on the house which brought the entire bill to $560, including the $490 worth of repairs under the sales contract.[3] Defendant was not present at the trial, and offered no evidence to contradict the facts established by plaintiffs or the evidence as to the reasonable value of the work.

Defendant's first claim of error relates to the trial court's denial of his motion to dismiss. It appears that after our reversal of the original judgment and remand for a new trial there was a lapse of almost eleven months before the case was again calendared for trial. Citing Rule 37(e) of the Municipal Court, he maintains that this delay entitled him to a dismissal of the action. That rule provides for dismissal where a party seeking affirmative relief is dilatory, "and if the delinquency continues for six months the complaint * * * of said party * * shall stand dismissed *without prejudice* * * *."[4] The rule continues: "A failure of the Clerk to give the warning as above provided will not affect the running of the six months' period or otherwise relieve a party from operation of this rule. Rule 41, F.R.C.P. [28 U.S.C.A.]; Rule 13, Local Civil Rules."

Under this rule defendant was entitled at most to a dismissal without prejudice by the clerk of the court. Had such dismissal been entered, plaintiffs would have been free to file the action anew since the dismissal would not have been an adjudication on the merits.[5] And the trial judge in his discretion would have been entitled to set aside the default judgment and reopen the case.[6] Consequently defendant was not prejudiced by denial of the motion to dismiss.

Other assigned errors complain of the allowance of the full amount of the claim. The discrepancy between the two contracts of repair is mentioned and the fact that the only one shown in the first trial was for $490 whereas in the second trial this was omitted and a different one introduced with the total charges amounting to $560. The second contract is not in the record; nor does it appear that objection was made to its introduction in the trial. Hence there seems to be nothing for us to review in this connection. Mere inconsistency of the evidence in the two trials

---

2. The items in question, not within the terms of the contract but apparently included in the repair bill, were repairs to the kitchen floor and the cost of a new toilet stool, tank, and their installation.

3. A contract for $560 was introduced, but it is not in the record before us. Nor was it introduced in the first trial; there the only contract for repairs shown was one for $490.

4. Emphasis added.

5. See Jarcy v. Griffith, D.C.Mun.App., 65 A.2d 919.

6. See Manos v. Fickenscher, D.C.Mun. App., 62 A.2d 791; Wade v. Union Storage & Transfer Co., 58 A.2d 493.

is not a basis for reversal. "Upon vacation of the former judgment and the granting of a new trial, the case stands as originally. The former trial and all that occurred in connection therewith is a mere nullity."[7]

Defendant also complains of the admission of certain testimony as hearsay. The plaintiff Cleckley testified as to his efforts to reach the defendant and told of a conversation had with defendant's secretary. The only important part of this conversation was to the effect that defendant had promised to make the repairs. No basis for this testimony was laid and its admission would seem to have been erroneous. But it cannot have prejudiced the defendant since he never denied liability, but contended that the claim was excessive. The action was brought on the written contract of sale and recovery was had on this alone. No damages beyond the actual cost of repairs were either sought or awarded. Hence this error must be held harmless.

Affirmed.

7. Wilson v. Newburgh, 42 App.D.C. 407, 409.