**BOYLE BROS, Inc. v. HOLT et al.**

**No. 1114.**

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 17, 1951.

Decided Oct. 9, 1951.

Arthur L. Willcher, Washington, D. C., with whom Jack Politz, Washington, D. C., was on the brief, for appellant.

Earl H. Davis, Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Appellant, referred to herein as Regal, asks us to reverse an order dismissing a suit it had filed on a merchandise debt against Edward Holt and Josephine Holt. Because of certain tactics followed by the appellant as revealed by the record, we shall recite the background of the litigation.

On October 13, 1950, Regal wrote to the Civilian Personnel Officer, Naval Research Laboratory, as follows:

"In Re: Edward Holt 60398
Sheet Metal Shop

Owing us $127.75

Date of last payment Jan 7, 1950

"We are writing to you regarding the indebtedness of one of your employees only after every reasonable effort to collect direct has failed.

"We are assured that a word from you will have the desired effect of showing your employee the importance of paying this just and honest obligation.

"We have Legal recourse but dislike using it because it will mean additional cost, etc., to your employee, and reiterate our feeling that the voluntary payment of this debt is more desirable to all concerned.

"Thanking you in advance for any steps you may take in our behalf, and assuring you of our desire to reciprocate at any time, we beg to remain,"

Also on October 13, Edward Holt received in the mail at his home at 319 5th Street, S. E., a legal size document prepared like a suit paper, much of it in bold, arresting type, as follows:

## "FINAL NOTICE

### BEFORE SUIT

STATE OF  D C

SS

CITY OF    Washington,

Regal Clothing Company, 711 Seventh St., N. W. Washington, D. C.    Creditor

vs.

Edward and Josephine Holt, 319 5th St., S. E.    Debtor

TO THE ABOVE NAMED DEBTOR:

FIRST: Take notice that the above named creditor claims that you are indebted to him in the sum of $127.75.

SECOND: Although duly demanded, the same has not been paid.

THIRD: Now therefore, unless you remit to Regal Clothing Company on or before the 14th day of October A.D., 1950 for payment of said claim, or make provision for adjustment thereof, suit will forthwith be brought for the total amount with interest together with the costs and disbursements of the action.

Dated this 13th day of October 1950."

## "CERTIFIED STATEMENT OF ACCOUNT

The above creditor hereby certifies that he has examined the matter in the above mentioned claim and has found the account to be true and correct to the best of his knowledge and belief.

Regal Clothing Company
Creditor

## PLEASE MAKE PAYMENTS DIRECT TO CREDITOR

Attorney in Fact"

It was "backed" or endorsed on the outside or folded part as follows:

"In the matter of

Regal Clothing Company
Creditor

vs.

Edward and Josephine Holt
Debtor

## IF NOT PAID WITHIN FIVE DAYS WE SHALL HAVE TO START

## COURT PROCEEDINGS

| Amount If settled without legal action | $127.75 |
|---|---|
| Authorized legal costs if sued | 25.00 |
| Total | $152.75" |

This was followed by a letter of October 27, 1950, also addressed to Mr. Holt at his home, reading as follows:

"The Municipal Court for the District of Columbia has awarded us a Judgment against you which is now filed with the Court Clerk.

"Shall we go ahead and file a garnishment against your salary?

"It would be to your advantage to call in immediately upon receipt of this letter."

Thereupon Holt engaged an attorney who, on investigation, found that the statement that judgment had been entered was false but that a suit had indeed been filed by Regal against Edward Holt and Josephine Holt some eight months earlier.[1] The attorney entered an appearance in the case on January 10, 1951 and also filed an answer sworn to by both defendants, denying that either of them had ever purchased any merchandise from plaintiff; denying that either had ever pledged his or her credit for the purchase by others of merchandise from plaintiff; denying that either defendant

---

1. Summons for Edward and Josephine Holt had been issued, bearing a 1217 Massachusetts Avenue, S. E. address. It had been returned for bad address with a notation, "moved." Edward and Josephine Holt were admittedly living at 319 5th Street, S. E. Though the record is silent as to the mistake or disparity in the addresses, it is conceded that the Holts were never served with process.

had ever been in the store of plaintiff, and asserting they were not indebted to plaintiff in any amount. Defendants' attorney calendared the case for trial on the merits, but it was not reached for trial until some four months later, on May 7, 1951. On that day defendants appeared with their attorney and plaintiff's attorney appeared accompanied by two witnesses. Then, according to the record, the following took place:

"Instead of proceeding with the trial and offering evidence, plaintiff's counsel stated that the 'persons present' were not the 'persons sued', and asked to have the 'service of process' quashed. Defendants' counsel objected to this, stating that said defendants were ready for trial in accordance with their answer, and asked for the right to present their defense ex parte, so that the matter would be res judicata. The Court then stated, that in view of the plaintiff's refusal to proceed, there was nothing for the defendants to meet, meaning that there was no triable issue before the Court since the plaintiff had the burden of proof, and the Court then denied the plaintiff's motion to quash process; whereupon, defense counsel moved to dismiss the case for want of prosecution, at which time the trial judge suggested that defense counsel amend his motion to add the words 'with prejudice' thereto, which amendment to said motion defense counsel made, and which motion, thus amended, the trial judge granted."

Appellant says it was error for the trial judge to order the case dismissed with prejudice. This contention is not supported by any citation of authority.

In the first place we point out that there was no basis for plaintiff's motion to quash service of process, for no process had been served. Moreover appellant does not assign as error the refusal to quash service. The only error assigned is the dismissing of the action with prejudice.

■ We think the ruling was proper. We start out with the proposition that independently of any formal procedural rule a court may, even on its own motion, dismiss a suit for failure to prosecute, Barger v. Baltimore & O. R. Co., 75 U.S.App.D.C. 367, 130 F.2d 401, such dismissal operating

as an adjudication on the merits. American Nat. Bank & Trust Co. v. United States, 79 U.S.App.D.C. 62, 142 F.2d 571. We also note that the old practice of permitting a plaintiff to take a non-suit or voluntary dismissal without prejudice has been restricted by Municipal Court Rule 37, (Fed. Rules Civ.Proc. rule 41, 28 U.S.C.A.) Section (a) (1) of that rule prescribes that a plaintiff may dismiss his action without leave of court *only before* service upon him of an answer or motion for summary judgment. Section (2) provides that "an action shall not be dismissed at the plaintiff's instance save upon order of the Court *and upon such terms and conditions as the Court deems proper.*" (Emphasis supplied.)

In Jarcy v. Griffith, D.C.Mun.App., 65 A. 2d 919, we ruled that the Municipal Court had inherent power to dismiss with prejudice for failure to prosecute. After that decision was rendered, and apparently as a result of the dissent therein, the Municipal Court amended its Rule 37(b) to make it conform almost exactly to FRCP 41(b). The amended rule reads in part: "Involuntary Dismissal; Effect Thereof. For failure of the plaintiff to prosecute * * * defendant may move for dismissal * *. Unless the Court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, operates as an adjudication upon the merits."

■ The quoted language could not be plainer. It empowers a judge to dismiss a case when a plaintiff has failed to prosecute it with reasonable diligence. We are clear in our view that a plaintiff who refuses to prosecute, as this plaintiff did, is in no better position than one who merely fails to do so. And since the rule says that unless otherwise specified such dismissal shall be with prejudice, such it would have been in this case, even if the judge had not so specified in his order.

For reasons not difficult to understand, the trial judge in the exercise of his discretion apparently wanted to make certain that Mr. Holt (and his wife) would not be further harassed by plaintiff's unfounded

claim against them. Already a false report of his supposed indebtedness had been made to Holt's employer. Already he and his wife had been confronted with a formidable court-like paper demanding $127.75 which they did not owe and threatening suit[2] for that amount and for "authorized legal costs if sued, $25.00." (The flat fee fixed by rule of court in this class of case is $1.75.) Already Regal had told him in writing that the Municipal Court "has awarded us a Judgment against you which is now filed with the Court Clerk."—a statement utterly false. Already they had been put to the necessity of engaging an attorney to defend against a claim which was entirely baseless, since they had never had any transactions of any kind with Regal. Of this Regal had been put on notice by defendants' sworn answer some four months earlier, and yet they did not attempt to show what if any investigation they had made to determine whether they had sued the wrong people.[3] At the hearing of their motion to set aside the dismissal they made some explanation of this, but it was neither timely nor of such substance as to affect the outcome. Moreover the overruling of that motion has not been assigned as error.

▮ On this state of facts, we think the trial judge very properly decided that the Holts should once and for all be relieved of this oppressive litigation. The dismissal with prejudice reflected a sound and wise exercise of the judge's discretion. To say otherwise would be to ignore the obvious.

Regal says the decision bars them from proceeding against the true debtors. But if, as they say, they have a claim against someone else of the same or similar names, we see no reason why they cannot sue again and have their rights determined. Such would have been their remedy if the dismissal had been without prejudice. Thus they have not been hurt.

We cannot too strongly condemn the type of extra-judicial collection practices which have been resorted to in this case. Reporting to an employer that an employee refuses to pay a just debt is a serious step; reporting it falsely is reprehensible. Frightening a layman with papers deliberately prepared to look like court documents is, to use a mild term, improper. Reporting that one has a court judgment and threatening to enforce it by attachment when no such judgment is in existence is not only an underhanded tactic, but a brazen affront to the dignity of the court involved.

Affirmed.

---

2. Actually as already stated, the suit had been filed almost eight months earlier.

3. On a far milder showing (failure to take a deposition within a three months period available to him), the United States Court of Appeals has ruled that a plaintiff's case was properly dismissed. Sokolin v. Estes, 76 U.S.App.D.C. 357, 131 F.2d 351.