**TINKOFF**

v.

**JARECKI, Collector of Internal Revenue.**

**No. 10638.**

United States Court of Appeals Seventh Circuit.

Dec. 16, 1953.

Paysoff Tinkoff, Jr., Chicago, Ill., for appellant.

Otto Kerner, Jr., U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and FINNEGAN and SWAIM, Circuit Judges.

FINNEGAN, Circuit Judge.

Plaintiff's action, commenced January 3, 1950, was ordered dismissed for want of prosecution by the District Court on January 7, 1952. After a hearing, his petition to vacate that dismissal was denied, and an order entered accordingly on

January 22, 1952. Both orders are brought here for review.

 How ever it is articulated this appeal simply involves a reexamination of judicial discretion exercised at the lower court level. Shotkin v. Westinghouse Electric & Mfg. Co., 10 Cir., 1948, 169 F.2d 825, 826, contains the pertinent general rule, as follows:

"A motion to dismiss for failure to prosecute diligently is addressed to the sound judicial discretion of the court, and the action thereon will not be disturbed on appeal unless such discretion was abused. [Cases collected.] *In like manner, the question whether the action should be dismissed on the court's own motion for failure to prosecute with reasonable diligence rests largely in the sound judicial discretion of the court* and its action with respect thereto will not be overturned on appeal except in case of abuse of such discretion. * * *" (Italics added.)

 We need not reach back to the first order appealed, since procedural justice was accorded plaintiff at the hearing of January 22, 1952. At that time parol evidence given by Assistant United States Attorneys refuted plaintiff's assertion of an agreement, with any one of them, to continue his case generally. Plaintiff, in his proper person, not only cross-examined these witnesses, but testified himself. Certainly this litigant's persistent reliance on an alleged agreement that his case was continued generally, demonstrates his acute awareness of the necessity for such technical protection.

It is not the method, nor those mechanical steps, by which this cause reached the trial calendar that is determinative here, but rather the fact that plaintiff took a calculated risk[1] when, having failed to insulate his pending case with an appropriate formal order, he ignored[2] the trial judge entirely. Cf. Ackermann v. United States, 1950, 340 U.S. 193, 198, 71 S.Ct. 209, 95 L.Ed. 207.

That plaintiff urges sterile technicalities becomes readily apparent when they are examined in the environment of those multiple docket entries reproduced in the record. Having once invoked the judicial machinery he cannot conveniently snub it at a moment most congenial to his personal whim and esoteric purpose.

Plaintiff directs our attention to a truncated version[3] of a statement made by the trial judge at the time when he was ruling on the petition to vacate. Both fairness to the court below and its pertinency here, dictate the need for amplifying those remarks[4] in this opinion, viz.:

"Mr. Tinkoff: That is all the testimony unless your Honor wants to hear again from Mr. Tinkoff.

"The Court: No. The motion to reinstate 50 C 5 will be denied. The court published in the Bulletin [*] soon after he was appointed here—this case was called for trial and at the time Mr. Lulinski, as he testified here, appeared, and when he appeared the court called the matter for trial and was prepared to dismiss it. Mr. Lulinski said, no, it should not be dismissed yet, that while the Government would be glad to have it dismissed, or words to that effect, that he would rather it was not dismissed, and upon his request I said, 'All right, we will let

---

1. Plaintiff is no stranger to the procedure involved. On May 25, 1951 and June 1, 1951 he moved for judgment by default for defendant's failure to file an answer. (T.R. 109).

 See also: In re Tinkoff, 7 Cir., 1946, 156 F.2d 405, 406.

2. For example, among other things, plaintiff's brief (p. 13) states: " * * * the plaintiff did *nothing* in any of his pro-

ceedings i.e., 50 C–5, and 50 C–1701 after the agreement of September 11, 1951." (Italics supplied.)

3. Plaintiff's brief, page 5.

4. Typewritten transcript of proceedings, pp. 168 ff.; Brief of defendants-appellees, pp. 30 ff.

[*] Chicago Daily Law Bulletin.

it go until we call the calendar again, but unless something is done in this case the court will dismiss it at the next call.'

"The court caused the publication to be made in the Bulletin in due course announcing that this and other cases would be called for trial, and would be dismissed unless the parties representing the plaintiff appeared and arranged for proceeding or proceeded at that time. No such representation was made at that time, and Mr. Lulinski had also pointed out the facts concerning the briefs. The court took the trouble to go into these cases and others, to examine the cases to see whether there were briefs, and there was a brief due and in default in this matter, and the court did dismiss this case with full knowledge of the facts, and the dismissal order will stand."

Abuse of judicial discretion is not spelled out upon this record. American Nat. Bank & Trust Co. of Chicago v. United States, 1944, 79 U.S.App.D.C. 62, 142 F.2d 571; Barger v. Baltimore & O. R. Co., 1942, 75 U.S.App.D.C. 367, 130 F.2d 401; Sweeney v. Anderson, 10 Cir., 1942, 129 F.2d 756; Hicks v. Bekins Moving & Storage Co., 9 Cir., 1940, 115 F.2d 406; Dillon v. United States, 9 Cir., 1928, 29 F.2d 246. Similarly, there is wanting persuasive evidence showing non-joinder of issue in the dismissed case.[5]

Only a word need be said concerning other points and matters raised by plaintiff. The alleged agreement to continue 50 C 5 was the crux of plaintiff's appeal and there is ample evidence striking down that contention. Therefore, we perceive no useful purpose to be served in following out plaintiff's tangential excursions from that crucial point.

Each of the orders appealed from are affirmed.

Affirmed.

5. On page 17 of his brief, plaintiff states that: "Certainly, the plaintiff was entitled to have his depositions taken *after* *issue formed* and before trial; * * *" (Italics ours).