Klein & Ruderman, New York City, for plaintiff, Betty Weinberg, New York City, of counsel.

Kirlin, Campbell & Keating, New York City, for defendant, Roland C. Radice, New York City, of counsel.

**BRUCHHAUSEN**, District Judge.

The defendant makes this motion for summary judgment, under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S. C.A., dismissing the complaint upon the ground that there has been a prior adjudication on the merits of the plaintiff's complaint.

Three separate actions, including the present action, have been instituted by the plaintiff. The complaints in the two prior actions were dismissed. For a proper determination of this motion, it is essential that the steps taken in the litigation and the Courts' rulings therein be considered, in chronological order.

The first action commenced by the plaintiff against the defendant was instituted on October 17, 1952, by the filing of a complaint in the United States District Court for the Southern District of New York. In the complaint, the plaintiff set forth as a first cause of action a claim for damages for personal injuries under the Jones Act, 46 U.S.C.A. § 688. He alleged that the accident occurred on the defendant's vessel, the Liberty F, in or about the month of April 1952; that while he was proceeding along the deck of the vessel he was caused to fall by reason of the presence of grease and other foreign substances; that he suffered serious and permanent injuries and has been hospitalized and was disabled

**FISCHER v. DOVER S. S. CO., Inc.**
**Civ. No. 14067.**

United States District Court,
E. D. New York.
April 27, 1954.

from his employment and would be required to undergo further medical care and attention. The complaint contained a second cause of action for maintenance and cure. The defendant, some months after the action was started, served notice for the taking of the plaintiff's deposition. He failed to appear for examination. On June 23, 1953, the defendant, pursuant to Rule 37 of the Federal Rules of Civil Procedure, made a motion for judgment dismissing the complaint for failure of the plaintiff to so appear for examination.

Apparently the defendant was not disposed to insist upon the harsh remedy of dismissal of the complaint, without affording the plaintiff a second opportunity to appear for examination. The plaintiff's attorneys agreed to a dismissal of the complaint if their client, the plaintiff, failed to so appear for examination on or before September 8, 1953 (moving affidavit, page 2). Accordingly, an interlocutory order was made on July 20, 1953, granting the motion for dismissal of the complaint unless the plaintiff appeared for examination on September 8, 1953, and directing the Clerk to enter judgment of dismissal upon submission of an affidavit showing failure of plaintiff to appear. A copy of the said order was served on plaintiff's attorneys on July 23, 1953. The plaintiff did not take advantage of the second opportunity for his appearance for examination. On September 23, 1953, a judgment was entered by the Clerk, dismissing the action. On September 24, 1953, a copy thereof was served upon plaintiff's attorneys. Neither the order nor the judgment of dismissal mentioned that the dismissal was without prejudice.

The plaintiff's second action was commenced in this Court on October 14, 1953. The cause of action alleged in the complaint was substantially the same as the first cause of action set forth in the complaint in the first action. A motion of the defendant, returnable on December 9, 1953, to dismiss the said action on the ground that the dismissal of the complaint in the first action was an adjudica-

tion upon the merits, was granted by this Court. Upon reargument thereof, an order was made on December 22, 1953, permitting the plaintiff to serve an amended complaint "alleging a claim or causes of action different and distinct from the claim or causes of action alleged in the complaint filed in the said (first) action in the United States District Court for the Southern District of New York and alleged in the complaint heretofore filed herein."

On January 7, 1954, the plaintiff filed the complaint, the third complaint, which is the subject of the present motion. The defendant contends that it does not allege a new cause of action, but that it realleges the same cause of action, set forth in the first complaint, which was dismissed on September 23, 1953. It is obvious that the cause of action alleged in the said third complaint is the same one as is set forth in the first complaint. In both complaints, the plaintiff claims that he slipped and fell because of the presence of grease on the deck of the defendant's vessel, the Steamship Liberty F, and suffered and sustained serious and permanent injuries and has been hospitalized and was disabled from his employment and would be required to undergo further medical care and attention. In the first complaint, the plaintiff stated that the accident occurred in or about the month of April 1952. In the third complaint, he furnishes further detail by stating that it happened on or about May 1, 1952. In his answering papers, the plaintiff makes no claim that there was more than one accident. His principal contention is that a seaman at sea should not be deprived of his cause of action because he is unable to return in time to attend for the taking of his deposition. The plaintiff is really complaining about the order and judgment of dismissal of the first complaint made by the Southern District Court. This position of the plaintiff is difficult to comprehend. As previously mentioned, his attorneys consented to the interlocutory order of dismissal made on July 20, 1953, provided that the plaintiff be granted seven

weeks grace to appear, i. e., to September 8, 1953. They must have had some plan to produce the plaintiff within that period. Whatever excuse was offered for the failure to produce the plaintiff for examination appears to have been devoid of merit for the Southern District Court as late as February 23, 1954, denied a motion to vacate the order dismissing the complaint on the said first action. The plaintiff's moving affidavit on that motion averred that "as long as this judgment (dismissing the first complaint) remains in force it is res adjudicata to any further action".

The said order of dismissal had a sound legal basis. Rule 37(d) of the Federal Rules of Civil Procedure provides that "If a party * * * fails to appear * * * the court on motion * * * may * * * dismiss the action * * *." The Southern District Court, acting pursuant to that rule, granted to the defendant the remedy to which it was entitled under the circumstances. If the plaintiff desired to assure himself of his day in court, he should have complied with the rules. It is equally important that the rights of defendants be protected. One of those rights is that a plaintiff shall submit himself for examination, when so requested.

■ Under these facts the judgment of dismissal then was actually upon the merits even though there was no trial, and a slight change in the pleadings does not make it a new cause of action, Section 41(b), Federal Rules of Civil Procedure; See Daley v. Sears, Roebuck & Co., D.C., 90 F.Supp. 561 and D.C., 90 F. Supp. 562; 5 Moore's Federal Practice, page 1040. In the case of Producers Releasing Corp. De Cuba v. PRC Pictures, 2 Cir., 176 F.2d 93, the Appellate Court upheld the remedy of dismissal of the complaint but because of extenuating circumstances modified the judgment to provide for dismissal but not for dismissal on the merits.

■ The said judgment of dismissal, though rendered without a trial had the same effect and barred a subsequent ac-

tion for the same claim. In the case of American National Bank & Trust Co. v. United States, 79 U.S.App.D.C. 62, 142 F.2d 571, it was held that where a complaint was dismissed for lack of prosecution it was a dismissal on the merits and barred a subsequent action for the same claim. It is settled law that a judgment on the merits is an absolute bar to a subsequent action upon the same demand not only as to matters offered to defeat the action but as to any matter which might have been offered. Cromwell v. Sac County, 94 U.S. 351, 24 L.Ed. 195; Esquire, Inc. v. Varga Enterprises, 7 Cir., 185 F.2d 14.

The motion to dismiss the complaint is granted.