Robert EDMOND, Plaintiff-Appellant,

v.

MOORE–McCORMACK LINES, Inc.,
Defendant-Appellee.

No. 178, Docket 24844.

United States Court of Appeals
Second Circuit.

Submitted Feb. 13, 1958.

Decided March 6, 1958.

Robert Edmond, pro se.

Kirlin, Campbell & Keating, New York City (Charles N. Fiddler, Walter X. Connor, and Thomas F. Feeney, New York City, of counsel), for defendant-appellee.

Before HINCKS and LUMBARD, Circuit Judges, and DIMOCK, District Judge.

PER CURIAM.

This action was brought on June 18, 1953. Prior to its dismissal on April 5, 1957, the plaintiff had changed his lawyer nine times: sometimes the lawyer withdrew and sometimes the lawyer was discharged by the plaintiff. Partly because of these frequent changes there were substantial delays in readying the case for trial. In 1956 the action was dismissed for failure of the plaintiff to answer the defendant's interrogatories but was later restored to the docket on plaintiff's motion. In November 1956, the plaintiff filed a notice of readiness for trial and the case was placed on the trial calendar. Thereafter the trial was postponed several times at the plaintiff's request following a disagreement between the plaintiff and his lawyer. On March 26, 1957, the plaintiff was advised by letter from the court that failure to appear before Judge Dawson on April 1, 1957 for an assignment conference "will result in a dismissal of this action." On April 1 plaintiff's counsel appeared and the trial was set for April 5. On the evening of April 4, 1957, the plaintiff, then in his room in bed, after conferring with his newly-retained counsel for several hours in preparation for trial disagreed with counsel as to the conduct of the trial and, after the departure of his counsel, sent a telegram

to the judge saying that he was too ill to appear.

On the opening of court on April 5, 1957, when judge, jury and defendant's counsel and witnesses were in readiness to try the case, because of the absence of the plaintiff the trial was again postponed, on this occasion until 2 p. m., and the plaintiff through his counsel by the judge's order was instructed to attend at that time or to submit a doctor's certificate of inability. At that time the plaintiff again failed to appear and submitted neither a doctor's certificate nor any reason for his noncompliance with the court's direction. The dismissal with prejudice ensued.

After the plaintiff had taken his appeal from the order of dismissal, he moved in the district court to vacate the dismissal and in support of his motion offered a physician's affidavit, verified June 26, 1957, stating that on April 4, 1957 and three times between March 7, 1957 and April 4, 1957, he had visited the plaintiff and that throughout that period he was in no condition to leave his room. Yet within that very period the plaintiff had in fact appeared before Judge Levet and Judge Murphy. And subsequent to April 1, 1957, when the case had been assigned for trial on April 5, the plaintiff failed to inform the court of his illness until the dispatch of the telegram, above referred to, in the late evening of April 4.

■ The denial of the motion to vacate was plainly right. At that time, by virtue of the earlier appeal from the dismissal jurisdiction of the case had passed to the Court of Appeals and the district court was without jurisdiction to act upon the motion to vacate. Piascik v. Trader Navigation Co., 2 Cir., 178 F.2d 886; Daniels v. Goldberg, D.C.S. D.N.Y., 8 F.R.D. 580, affirmed on other grounds 2 Cir., 173 F.2d 911.

■■ Whether the failure to prosecute was such as to warrant an involuntary dismissal under Fed.Rules Civ. Proc. rule 41(b), 28 U.S.C.A., was a question lying within the discretion of the court. Garden Homes, Inc. v. Mason, 1 Cir., 249 F.2d 71; Tinkoff v. Jarecki, 7 Cir., 208 F.2d 861. The disposition made, we hold, was well within the bounds of discretion. In the situation presented, the judge in ordering the dismissal might reasonably have concluded that the plaintiff's default of appearance was not caused by illness but was an unduly belated maneuver to obtain yet another postponement.

Affirmed as to both appeals.