Edmond C. FLETCHER, Appellant,

v.

PICKWICK, Inc., a corporation, Appellee.

Edmond C. FLETCHER, Appellant,

v.

Thomas H. PICKFORD, doing business under the name of Carroll Arms Hotel, Appellee.

Nos. 2149, 2150.

Municipal Court of Appeals for the District of Columbia.

Submitted March 17, 1958.

Decided April 28, 1958.

Rehearing Denied May 7, 1958.

Edmond C. Fletcher, pro se.

Allen Jones, Jr., Washington, D. C., for appellees.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

The bases for these appeals are orders dismissing the complaints on the ground of a prior adjudication on the merits. The

events preceding the orders may be briefly stated.

■ In September 1957 the original complaints in these actions were dismissed by the trial court on its own motion for want of prosecution when plaintiff, who is appellant here, failed to appear for the pretrial hearing. No extenuating circumstances or reasons justifying plaintiff's absence were offered, and the court's orders do not state that the dismissals were without prejudice. Subsequent motions to restore these actions to the calendar were denied, and the following month plaintiff filed amended complaints. On defendants' motions the court entered the orders, from which these appeals were taken, dismissing the amended claims, and in its memorandum decision held that the former dismissals under Rule 41(b) operated as a bar to subsequent demands based on the same causes of action.

The effect of a dismissal under Rule 41 (b) has been discussed in numerous decisions from the federal courts. Inasmuch as Rule 41(b) of the trial court is substantially the same as its counterpart in the Federal Rules of Civil Procedure, 28 U.S. C.A., the consistent rulings of these courts are compelling.[1] In American Nat. Bank & Trust Co. v. United States, 79 U.S.App. D.C. 62, 63, 142 F.2d 571, 572, the United States Court of Appeals for the District of Columbia stated the purpose and effect of the Rule with clarity and precision:

"* * * But under Rule 41(b) a dismissal on defendant's motion, and likewise a dismissal not provided for in the Rules, 'operates as an adjudication upon the merits' unless otherwise specified in the order. The court has inherent power to dismiss, on its own motion, for want of prosecution. Such a dismissal is not provided for in the Rules, and therefore operates as an adjudication upon the merits."[2]

■■ Plaintiff argues in these appeals the orders of dismissal are void in that evidence of the previous dismissals was not before the court. The point is without merit. References to the previous actions and their disposition appear in defendants' written motions to dismiss and in plaintiff's written opposition to these motions; moreover, the rule is too well settled for challenge that a court may take judicial notice of its own records. Fletcher v. Evening Star Newspaper Co., 77 U.S.App. D.C. 99, 133 F.2d 395, certiorari denied 319 U.S. 755, 63 S.Ct. 1163, 87 L.Ed. 1708; Booth v. Fletcher, 69 App.D.C. 351, 101 F.2d 676, certiorari denied 307 U.S. 628, 59 S.Ct. 835, 83 L.Ed. 1511.

By a slight change in the pleadings, plaintiff attempted to reinstate causes of action barred as a result of his own lack of diligence. The orders of the trial court are

Affirmed.

1. The adoption of Federal Rule 41(b) by the trial court is explained in Boyle Bros. v. Holt, D.C.Mun.App., 83 A.2d 666, 668. In this connection see also the dissenting opinion in Jarcy v. Griffith, D.C.Mun.App., 65 A.2d 919.

2. See Barger v. Baltimore & O. R. Co., 75 U.S.App.D.C. 367, 130 F.2d 401; Russell v. Cunningham, 9 Cir., 233 F.2d 806; Carnegie Nat. Bank v. City of Wolf Point, 9 Cir., 110 F.2d 569; Fischer v. Dover S.S. Co., D.C.E.D.N.Y., 121 F. Supp. 528; Miller v. Standard Oil Co., N.D.Ill., 104 F.Supp. 946, affirmed 7 Cir., 199 F.2d 457, certiorari denied 345 U.S. 945, 73 S.Ct. 836, 97 L.Ed. 1370.