**DELTA THEATRES, INC., Appellant,**

v.

**PARAMOUNT PICTURES, INC., et al.,**
**Appellees.**

**No. 25068.**

United States Court of Appeals
Fifth Circuit.

June 24, 1968.

Rehearing En Banc Denied
Aug. 28, 1968.

C. Ellis Henican, Henican, James & Cleveland, New Orleans, La., for appellant.

Gibbons Burke, Ashton Phelps, Charles M. Lanier, Chaffe, McCall, Phillips, Burke, Toler & Hopkins, Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, La., of counsel, for appellee.

Before COLEMAN and CLAYTON, Circuit Judges, and JOHNSON, District Judge.

CLAYTON, Circuit Judge:

On December 15, 1959, approximately seven years after the commencement of this antitrust action, all the parties were ordered to file as a pretrial procedure a "note of evidence" by April 4, 1960. According to the order, this instrument was to contain names of witnesses and synopses of their expected testimony and a list of documents identified by trial numbers, which were to be offered at trial. These notes were never filed. On March 2, 1967, appellees moved to dismiss "on the ground that plaintiff has

failed to prosecute this action since December 15, 1960". After several continuances obtained by appellant, this motion was heard and sustained. A final judgment dismissing the complaint with prejudice for failure to prosecute was entered from which Delta appeals. We affirm.

■ In these days of crowded dockets, increasingly complex commercial situations, either resulting in or arising out of protracted litigation, a judge seeking to organize the business of his court in an orderly way must have at his disposal efficient machinery for the processing of cases and the conduct of litigation. Under the Federal Rules of Civil Procedure, particularly Rule 16, the district judge is given the authority to promulgate rules for and supervise the pretrial phase of litigation in this court with the view of "sifting the issues and reducing the delays and expense of trial so that a suit will go to trial only on questions as to which there is an honest dispute of fact or law". Pretrial Procedure, A Statement of its Essentials, by Honorable Alfred P. Murrah, 14 F.R.D. 417.

■ Incidental to that supervisory responsibility, there must be, and is, vested in the judge the correlative authority to "impose reasonable sanctions for the breach of reasonable rules". Gamble v. Pope & Talbot, Inc., 307 F.2d 729 (3 Cir. 1962) (dissenting opinion). Rule 41(b), Federal Rules of Civil Procedure, on defendant's motion, authorizes dismissal with prejudice of an action "for failure of the plaintiff to prosecute or to comply with these rules *or any order of court* * * *." (Emphasis added.) In the exercise of his discretion, the district judge here utilized this sanction, and the question presented on this appeal necessarily is whether *vel non*, on the facts and circumstances of this case, this discretion was abused.

The tenor of the cases in this circuit has been to permit dismissal as a sanction "only in the face of a clear record of delay or contumacious conduct by the plaintiff. * * *" Durham v. Florida East Coast Ry. Co., 385 F.2d 366 (5 Cir. 1967). It has recently been stated, with respect to dismissal as a sanction, "that such action is too harsh except in extreme circumstances". Flaksa v. Little River Marine Construction Company, Inc., 5 Cir. 1968, 389 F.2d 885. Moreover, where there was an absence of fact from which it could be inferred that plaintiff "had long been deliberately proceeding in a dilatory fashion," Woodham v. American Cystoscope Company, 335 F.2d 551 (5 Cir. 1964); or where it could be "inferred from the record that counsel for the plaintiff misunderstood the district court's order," Council of Federated Organizations v. Mize, 339 F.2d 898 (5 Cir. 1964); or where the cause of action "was less than a year old at the time it was dismissed," Flaksa v. Little River Marine Construction Company, Inc., supra, at p. 8, this court has said that the district court exceeded the bounds of judicial discretion in dismissing the plaintiff's complaint with prejudice.

However, where plaintiffs "have not once appeared and have given no indication that they intended to do so in the future," Durgin v. Graham, 372 F.2d 130 (5 Cir. 1967); or where following the filing of suit, no action was taken in it by plaintiffs for one year and three months, Salmon v. City of Stuart, 194 F.2d 1004 (5 Cir. 1952); or where plaintiff's attorney failed to appear in a pretrial conference in a case pending for more than three years, Salmon v. City of Stuart, supra; dismissal as a sanction and as a proper exercise of discretion by the trial court has been approved by this court.

The district judge here found that the order to file a note of evidence and list of documents was not complied with; that an order for a pretrial conference was continued indefinitely on appellant's motion; that a hearing on the motion to dismiss for failure to prosecute was continued twice on plaintiff's motion; that no action had been taken by plaintiff in this cause since December 23, 1959 and

that since transactions were involved in this case dating from 1947, the defendants have been prejudiced by plaintiff's lack of diligence.

 It would be an intolerable situation which would not permit a dismissal with prejudice in circumstances such as those present in this case. Approximately fourteen years after suit was filed, with no action taken for about seven years, plaintiff can not be heard to complain that his case has now been dismissed with prejudice. It is surprising that such action was not taken by the district court sua sponte, long before defendants filed their motion. Link v. Wabash R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962);[1] West v. Gilbert, 361 F.2d 314 (2 Cir. 1966), cert. den. 385 U.S. 919, 87 S.Ct. 229, 17 L.Ed.2d 143; Shotkin v. Westinghouse Elec. & Mfg. Co., 169 F.2d 825 (10 Cir. 1948); American Nat. Bank & Trust Co. of Chicago v. United States, 79 U.S. App.D.C. 62, 142 F.2d 571 (1944); and Hicks v. Bekins Moving & Storage Co., 115 F.2d 406 (9 Cir. 1940).

No plaintiff should be permitted to sleep on his rights and harass a defendant with such unreasonable delay. It can not be said that the district court abused its discretion in dismissing this complaint with prejudice. In fact, we hold that its questioned action was sound and proper.

Affirmed.

### ON PETITION FOR REHEARING EN BANC

PER CURIAM *:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12), the Petition for Rehearing En Banc is denied.

---

[1]. In the same case Link v. Wabash R. Co., 291 F.2d 542 (7 Cir. 1961) at 545, the court used language which it is appropriate to quote here, "It is sheer sophistry to argue that the trial court has no inherent power to enforce its rules, orders or procedures and to impose appropriate sanctions for failure to comply." The essence of this language is noted in Sanctions at Pretrial Stages, 72 Yale L.J. 819, 821 (1963).

* Judge CLAYTON, the author of the opinion on which rehearing was sought, did not participate in this decision because of sudden and unexpected illness.