**In re PHY. W., D.H., Appellant. (Two Cases).**

Nos. 96–FS–1038, 96–FS–1039.

District of Columbia Court of Appeals.

Submitted Nov. 3, 1998.
Decided Dec. 30, 1998.

Diane Weinroth, Washington, DC, was on the brief for appellant.

Jennifer A. Jones, Washington, DC, appointed by this court, was on the brief for appellee T.W.

Frederick G. Seelman, Jr., Washington, DC, appointed by this court, was on the brief for appellee P.M.

Jo Anne Robinson, Principal Deputy Corporation Counsel, and Sheila Kaplan, Assistant Corporation Counsel, filed a statement in lieu of brief for the District of Columbia.

Before TERRY and FARRELL, Associate Judges, and NEWMAN, Senior Judge.

NEWMAN, Senior Judge:

D.H., the foster mother, appeals from an order of the trial court returning custody of fraternal twins, Phi. W. and Phy. W. to T.W., their natural mother. She contends that: (1) the trial court erred by failing to hold an evidentiary hearing on the natural mother's motion for reunification; and (2) the trial court failed to apply the "best interest of the child" standard in granting the reunification order returning the children to their natural mother. T.W., the natural mother, urges that D.H., the foster mother, has no standing to bring this appeal. After first resolving the standing issue in favor of D.H., we affirm the order which is the subject of this appeal.

## FACTS

The twins were born prematurely on December 16, 1992, at Howard University Hospital. At birth, they tested HIV positive and were addicted to both cocaine and heroin. In June 1993, they were transferred from Howard University Hospital to the Hospital for Sick Children ("HSC"). At present, it appears the twins are no longer HIV positive or drug addicted.

In May 1993, the District of Columbia filed a neglect petition. Based on a stipulation by the natural mother (who was then incarcerated) the twins were adjudicated neglected and placed in the custody of the Department of Human Services ("D.H.S.").[1] D.H.S. began seeking a foster home for the twins. In the meantime, D.H., a nurse at HSC, "fell in love" with the twins and sought to have them placed with her in foster care with the ultimate objective of adopting them. Despite the opposition of D.H.S. to the efforts of D.H., the trial court by order dated February 4, 1994, ordered D.H.S. to certify D.H. as a foster parent and to place the children with D.H. in foster care. On March 30, 1995, pursuant to D.C.Code § 16–2304(b)(3) (1997 Repl.), the trial court granted D.H. party status.[2]

## STANDING

The natural mother argues that the foster mother lacks standing to bring this appeal. She asserts that there is no statutory or constitutionally protected interest which would be the basis of such standing. We conclude that where the foster parent has been granted "party status" by the trial court in the proceeding in that court, the foster parent has standing to challenge an

order in those proceedings (which is otherwise appealable) by an appeal to this court.

D.C.Code § 16–2304(b)(3) (1997 Repl.) specifically authorizes the trial court to designate a foster parent as a party. Here, since the twins had been living with the foster mother more than twelve months, the trial court was authorized to grant party status to her. It did so. The trial court's subsequent order granting the natural mother's motion for reunification deprived D.H. of the twins. She was thus a "party aggrieved."

This court has jurisdiction to hear appeals by a "party aggrieved" by certain orders of the trial court. D.C.Code § 11–721(b) (1995 Repl.). The reunification order in this case falls within our jurisdiction. *See In re S.C.M.*, 653 A.2d 398, 403 n. 7 (D.C.1995). Since D.H. was a "party" and was "aggrieved" by the trial court's reunification order, she had a right to appeal to this court. The trial court's subsequent order of September 13, 1996, vacating D.H.'s party status can not operate to deprive her status as a "party aggrieved" within the meaning of our appellate jurisdiction.[3]

## CLAIMS OF ERROR

D.H.'s claims of error need not tarry us long. Here, Judge Satterfield had presided over these proceedings for two years or so. As such, he was entitled to rely on the prior record of this case during further review. This includes the approximately twenty review hearings Judge Satterfield conducted during this period. We find no error in the denial of an evidentiary hearing. *See*

---

1. P.M., the natural father (who has been incarcerated during most of these proceedings), has at all relevant times been represented by counsel. He supports the reunification order.

2. D.C.Code § 16–2304(b)(3), in relevant part, reads:

    (3) If the child has been living with a person other than the parent, the person shall receive notice of the neglect or the termination proceedings and, if the child has been with them for twelve (12) months or more, the person may, upon his or her request, be designated a party to the proceedings. If the child has been

    living with the person less than twelve (12) months, upon the person's request the judge may, at his or her discretion, designate the person a party to the procedings [proceedings] which pertain to the determination of neglect as defined in D.C.Code, section 16–2301.

3. Having decided that D.H. has a statutory right to appeal as a "party aggrieved," we need not determine whether a constitutional interest also gives her standing. However, *see Smith v. Organization of Foster Families for Equality and Reform*, 431 U.S. 816, 842–47, 97 S.Ct. 2094, 53 L.Ed.2d 14 (1977) (discussing the potential liberty interest in the integrity of foster families).

*Fletcher v. Pickwick,* 140 A.2d 924, 925 (D.C. 1958).

Likewise, we find no merit in D.H.'s contention that the trial court applied some legal standard other than "the best interest of the child." *See In re D.I.S.,* 494 A.2d 1316, 1322 (D.C.1985). *See also In re S.C.M., supra,* 653 A.2d at 406 (considering the goal of "permanency and family reunification"); *In re D.G.,* 583 A.2d 160, 164 (D.C.1990) (taking into account the presumption that a child and the natural parent should be kept together). *See generally Smith v. Organization of Fos-* *ter Families, supra* note 3, 431 U.S. at 842–47, 97 S.Ct. 2094 (discussing the tension between the interests of the foster family and those of the natural parents).

The order appealed from is

*Affirmed.*