**Mohamed MOHAMED, Plaintiff,**

v.

**AMERICAN EXPORT LINES, Defendant.**

**No. 77 Civ. 722.**

United States District Court, E. D. New York.

June 16, 1982.

328

Harvey Goldstein, Fuchsberg & Fuchsberg, New York City, for plaintiff.

Juan A. Anduiza, William J. Troy, III, Haight, Gardner, Poor & Havens, New York City, for defendant.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

This is a motion to vacate an order dismissing the above-titled action with prejudice pursuant to Federal Rule of Civil Pro-

cedure (F.R.C.P.) 60. The action was dismissed upon defendant's motion under F.R. C.P. 41(b) for failure to prosecute. For the reasons stated below, the motion to vacate the dismissal order is denied.

This personal injury action brought under the Jones Act, 46 U.S.C. § 688 *et seq.*, was commenced on April 27, 1977. The case was placed on Judge Mishler's ready trial calendar in January, 1980. It was subsequently reassigned to me and a pre-trial conference was held on November 16, 1981 at which time a trial date of January 18, 1982 was set. Plaintiff was not present on the morning of January 18, 1982. Counsel for the plaintiff did appear to advise the court that the plaintiff had apparently been involved in an altercation at a Queens Social Club. The trial was therefore adjourned for two days.

On Wednesday, January 20, 1982, the plaintiff was present and he participated in unsuccessful settlement negotiations. After jury selection and opening statements by counsel, counsel for the plaintiff requested an adjournment until Friday, January 22, to allow counsel an opportunity to secure the assistance of an interpreter. On Friday morning, neither the plaintiff nor an interpreter appeared.

Likewise, on Monday, January 25th, plaintiff's attorney appeared in court without plaintiff, interpreter or any other witnesses. When asked about plaintiff's absence, counsel for the plaintiff indicated that he had not been in contact with the plaintiff since Wednesday, January 20th. He then suggested that his absence might have been caused by death or illness. Finding this speculation insufficient, I dismissed the action with prejudice,[1] pursuant to defendant's motion, under F.R.C.P. 41(b). In dismissing the action, however, I gave plaintiff's counsel the following opportunity to substantiate his claim that the plaintiff's absence was due to illness:

---

1. Prior to the dismissal, plaintiff's counsel sought to read the plaintiff's deposition into evidence. This request, however, was denied because the deposition lacked an adequate foundation; it was unsigned and the unavaila-

bility of the plaintiff was not sufficiently established. *See United Broadcast Co. v. Armes,* 506 F.2d 766 (5th Cir. 1975); Federal Rules of Evidence 804(a) and Notes of Advisory Committee on Proposed Rule 804(a) ¶ 5.

I'm going to dismiss and I'm going to make the dismissal with prejudice. However, in the event that, within a reasonable time, it develops that Mr. Mohammed is in fact dead or seriously ill, I will entertain a motion without saying how I'll decide it, and I will permit you to move to put the case back on the calendar.

Plaintiff has submitted an affidavit and medical records to show that his absence on Friday, January 22, and Monday, January 25, was due to a fall on Friday at the Atlantic Avenue I.R.T. subway station. He claims that he gashed his head upon missing a step on a stairway in the subway station. The affidavit further asserts that he took a cab from Brooklyn to the Public Health Service Hospital on Staten Island on Friday to be treated for this new wound, and after heeding advice to rest at home for the weekend, returned for a follow-up appointment on Monday.

 I have reviewed his affidavit as well as plaintiff's medical records and find them insufficient to justify vacating the dismissal order. Although an illness which is severe enough to prevent a plaintiff from appearing in court would be a sufficient reason to vacate a default (*Davis v. Operation Amigo, Inc.*, 378 F.2d 101, 103 (9th Cir. 1967); *Edmond v. Moore-McCormack Lines, Inc.*, 253 F.2d 143 (2d Cir. 1958)), a review of the records presented does not substantiate such an illness.

The medical record for Friday, January 22, is completely devoid of any mention of new medical problems other than those alleged in the plaintiff's original claim against the defendant, i.e., the "old neck injury". There is no evidence of treatment for a new wound, such as the gash that plaintiff contends occurred. The entries for Monday, January 25, 1982, indicate that the visit was on a "walk in" basis (rather than by appointment as the plaintiff contends) and they contain no indication that he suffered a recent injury.

These conclusions rest upon a record replete with delay and indifference to the Court. Although plaintiff asserts he was absent because of a new injury that occurred on Friday, January 22, he did not inform his attorney (or the Court) of this misfortune until the following Thursday. Even assuming he gashed his head, there is no evidence that this injury was so incapacitating as to preclude his attendance in court, or at minimum, his advising the court by phone of his predicament. He was obviously able to travel to the Baley Seton Hospital in Staten Island on Monday on his own accord for a "walk in" visit. In light of this visit, the plaintiff is hard pressed to explain why he waited six days before making his difficulties known to the Court or even to his attorney. *See Rinieri v. News Syndicate Co.*, 385 F.2d 818, 823 (2d Cir. 1967).

Plaintiff's behavior follows a pattern that has existed throughout this action. The action was commenced on June 14, 1976 in the Southern District of New York. It was subsequently dismissed by Judge McMahon on April 4, 1977, pursuant to a stipulation between the parties due to the plaintiff's failure to appear at his examination before trial. Subsequent to commencing the present action in the Eastern District, the plaintiff failed to appear for another deposition and two doctor's appointments. Magistrate Jordan provided that the cost of one of the doctor's fee ($300) be taxed as a sanction for plaintiff's absence. Additionally, the plaintiff was sanctioned again for unjustifiably rescinding his approval of medical authorizations.

Due to the history of antecedent delays, indifference to this Court's procedures, and unsubstantiated claims of recent severe injuries, the motion to vacate the previously entered dismissal order is denied.

SO ORDERED.